## Long's Estate.

*Decedent's estates—Executors and administrators—Accounts—Review—Wills—Advancements—Jurisdiction, O. C.*

1. The Orphans' Court has exclusive jurisdiction over all things pertaining to the settlement and distribution of estates, including claims of creditors, next of kin and legatees, and this is especially true as to advancements.

2. Equality is equity among heirs, and the doctrine of advancement has for its object the furtherance of this end. An advancement is a pure and irrevocable gift by a parent in his lifetime to his child on account of such child's share of the estate after the parent's decease.

3. Testator in his lifetime conveyed real estate of a certain expressed value to his daughter by way of advancement, taking a bond from her reciting the uncertainty as to whether such amount would exceed her share in his estate, and conditioned to pay the excess if such amount exceeded her share. Testator by will provided, "I give and bequeath to my daughter (naming her) the sum of one dollar, she having received from me during my lifetime such additional amounts of money or property as it is my will and desire that she shall receive from my estate." Testator bequeathed his daughter's bond to a granddaughter. In the adjudication upon the executor's account no mention of such advancement was made nor was the amount of a child's share ascertained. Judgment was entered for the plaintiff on the bond in the Common Pleas. Thereafter the Orphans' Court opened the adjudication, ascertained the amount of a child's share and found, taking into consideration payments on account of the bond to testator during his lifetime, that the advancement did not exceed a child's share and that there was therefore no liability on the bond. The granddaughter conceded the correctness of the finding as to the amount of the child's share in the estate but contended that the court had no jurisdiction to make such order, *Held,* the Orphans' Court had jurisdiction to open and correct the adjudication and the order was affirmed.

Argued May 9, 1916. Appeal, No. 158, Jan. T., 1916, by Minnie C. Long, from decree of O. C. Fayette Co., Dec. T., 1912, No. 38, opening and correcting an adjudication in Estate of Samuel N. Long, deceased. Before

BROWN, C. J., POTTER, MOSCHZISKER, FRAZER and WAL-
LING, JJ. Affirmed.

Petition for the opening and correction of an adjudi-
cation of an executor's account. Before WORK, P. J.

The facts appear by the opinion of the Supreme Court.

The Orphans' Court opened the adjudication, ascer-
tained the value of a child's share, found that Mrs. Cath-
erine Long Morrow had received no more than a child's
share of her father's estate, and directed that such order
be added to the decree of distribution before entered.
Minnie C. Long appealed.

*Error assigned*, among others, was the order of the
court.

*W. J. Sturgis*, with him *S. J. Morrow*, for appellant.
—The Orphans' Court was without jurisdiction to make
the decree appealed from.

*D. W. McDonald*, of *McDonald & Cray*, with him *John
M. Core* and *J. W. Ray, Jr.*, for appellee.—The Orphans'
Court has jurisdiction to make the order complained of:
Linsenbigler v. Gourley, 56 Pa. 166; Dundas' App., 73
Pa. 474; Maurer v. Kerper, 102 Pa. 444; Dewald v.
Berkheiser, 19 Pa. Superior Ct. 570; Alexander's Est.,
214 Pa. 369.

The decree was proper under the circumstances:
Bucknor's Est., 7 W. N. C. 470; Mitcheson's Est., 11 W.
N. C. 240; Milne's App., 99 Pa. 483; Nimick's Est., 179
Pa. 591.

OPINION BY MR. JUSTICE WALLING, July 1, 1916:

This was a proceeding by review of an account to fix
the amount of a child's share of the estate of Samuel N.
Long, deceased; who died testate on November 29, 1909.
In his lifetime, Mr. Long had made advancements to sev-
eral of his children, including Mrs. Catherine Long Mor-

row, to whom on April 13, 1887, he conveyed as such a residence in Uniontown valued at $7,500.00 At the same time he took from her a mortgage in like amount in which there is a recital as follows, viz:

"Whereas, the said Samuel N. Long has this day conveyed to his daughter, the said Catherine Long Morrow, a certain lot of ground in Uniontown Borough aforesaid, hereinafter more fully described, which he values at seven thousand five hundred dollars; and Whereas, the said conveyance is made as an advancement to his daughter of the said sum of seven thousand five hundred dollars she not having paid any consideration for said lot; and Whereas, it is uncertain whether the said sum will not be in excess of what will be a child's share of said Long's estate, and in case it is, it is intended to secure the payment of whatever such excess may be to the other parties who may be entitled to share in said estate of Long."

On January 23, 1890, he satisfied said mortgage, and took from her in lieu thereof a judgment bond in the penal sum of $2,500.00, in which it is stated inter alia:

"Whereas, on April 13, 1887, said Samuel N. Long, with his wife, conveyed to said Catherine Long Morrow, a certain house and lot on Main street, Uniontown Borough, said county and State, the deed for which is recorded in the office for recording of deeds in said county in Deed Book 71, page 310.

"And whereas, it is uncertain whether the amount named in said deed to wit $7,500.00, will be in excess of a child's share in the estate of said Long; and in case it is, it is intended to secure the payment of whatever such excess may be to the said Long; or to the other parties who may be entitled to share in the estate of said Long.

"The condition therefore of this obligation is such that if the said obligor her executor, administrators or any of them, shall and do well and truly pay or cause to be paid to the said obligee, his certain attorney, executor or administrator the sum of two thousand five hundred

dollars in manner following: any amount she pleases of said principal to said Samuel N. Long during his lifetime; and the balance, if any, in one year after his death to his executor or administrator."

Thereafter Mrs. Morrow paid her father to apply on said bond various sums amounting in all to $499.00, leaving unpaid thereon at his death $2,001.00. By his last will, Mr. Long gave said obligation to his granddaughter, Minnie C. Long, and as to his said daughter, the will provides:

"I give and bequeath unto my daughter Catherine Morrow, the sum of one ($1.00) dollar, she having received from me during my lifetime such additional amounts of money or property, as it is my will and desire that she shall receive from my estate."

In 1912, the Court of Common Pleas of Fayette County, after hearing, made an order permitting the entry of judgment on said bond, which order was affirmed in Long v. Morrow, 250 Pa. 94. This court in the opinion filed May 26, 1915, there saying (p. 98), "For what amount, if any, the appellant (Mrs. Morrow) may be actually liable on the judgment can be determined only after the Orphans' Court has made a decree distributing the estate of her father. If she has not received more than a child's share in it, there will be no liability on the judgment."

The executor of the said Samuel N. Long estate filed his first and final account at the December Term, 1912, which was duly audited by the said Orphans' Court and decree of distribution made January 20, 1913; in which account and distribution no mention is made as to the said advancements, or as to what would be a child's share of said estate.

In September, 1915, Mrs. Catherine Morrow presented her petition to the Orphans' Court praying for a review of said account and that the court take into account all of said estate, including the advancements, and determine and decree the amount of a child's share thereof.

To which Miss Long filed an answer; and, after a full hearing, said court found that when said decree of distribution was made, viz: January 20, 1913, a child's share of said estate amounted to $7,944.34; and made a formal order to that effect and directed that it be added to the decree of distribution. Minnie C. Long, the appellant, appeared before the court in that proceeding and concedes that the evidence justified the finding as to the amount of a child's share, but contends that the court had no jurisdiction to make such order.

For reasons stated, and on the authorities cited, in the opinion just filed in the Estate of William Sloan, deceased, 254 Pa. 346, we believe the Orphans' Court was within its jurisdiction in granting said review of the account, and in correcting its records by adding thereto the above referred to order as to a child's share of said estate. Such order makes no change in the decree theretofore made as to the distribution of the balance in the hands of the executor.

In view of the provision in said bond, it is important to determine the amount of a child's share of said estate, and the proper forum for that purpose is the Orphans' Court.

"It is now the settled law, that the Orphans' Court has exclusive jurisdiction over all things pertaining to the settlement and distribution of estates, including the claims of creditors, next of kin and legatees": Linsenbigler v. Gourley, 56 Pa. 166 (172). And see Dundas's App., 73 Pa. 474; Maurer v. Kerper, 102 Pa. 444; King's Est., 215 Pa. 59.

And this is especially true as to advancements, as to which we quote from the opinion of the court below:

"The Act of April 8, 1833, P. L. 315, and the decision in the case of Holliday v. Ward, 19 Pa. 485, reaffirmed in Girard Life Insurance Annuity & Trust Co. v. Wilson, 57 Pa. 182; Musselman's App., 65 Pa. 480, and Hartman's Est., 12 Pa. Superior Ct. 69, established the fact that as to advancements the Orphans' Court has exclu-

sive jurisdiction and by implication prohibits the other courts from taking cognizance of them."

In Miller's App., 31 Pa. 337, it is held that, "Equality is equity amongst heirs, and the doctrine of advancement has, for its object, the furtherance of this end.   It is defined to be 'a pure and irrevocable gift, by a parent, in his lifetime to his child, on account of such child's share of the estate, after the parent's decease.' "

The Orphans' Court made no order as to the judgment in the Court of Common Pleas.   But, in order to enable Mrs. Morrow to interpose the above quoted provision of the bond as a defense to said judgment, it is necessary that the proper tribunal determine the amount of a child's share in said estate, and that seems to have been correctly done.

The assignments of error are overruled and the judgment is affirmed.