# Kratz's Estate.

*Decedent's estate—Direct inheritance — Appraisal — Advance-
ments—Act of July 11, 1917, P. L. 832.*

Irrevocable bona fide gifts made to his children, by decedent
during his lifetime, are not taxable under the provisions of the Act
of July 11, 1917, P. L. 832 (Direct Inheritance Tax Law).

Where a testator had made irrevocable gifts in his lifetime, which
had passed from him and which were not a part of the estate of
which he died possessed, such advancements are not subject to the
payment of the direct inheritance tax, and the amount of them is
erroneously included in an appraisement, and a tax assessed on
them by the appraiser, for the purposes of determining the direct
inheritance tax, is invalid.

Argued December 2, 1918.  Appeal, No. 214, October
T., 1918, by Commonwealth of Pennsylvania, from decree
of O. C. Montgomery County, sustaining the Appeal of
Abraham D. Fetterolf, Executor of the last will and
testament of Henry W. Kratz, deceased, Harry E. Kratz,
Mary Bomberger and Kate Royer, children and legatees
of said testator from the appraisement of the Direct In-
heritance Tax Appraiser filed with the Register of Wills
in the Estate of Henry W. Kratz, deceased.  Before OR-
LADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREX-
LER and WILLIAMS, JJ.  Affirmed.

Appeal from appraisement of register of wills for pur-
pose of settling direct inheritance tax.  Before SOLLY,
P. J.

The opinion of the Superior Court states the case.

The orphans' court sustained the appeal.  Common-
wealth appealed.

*Error assigned* was the decree of the court.

*Francis Shunk Brown*, Attorney General, and with
him *William M. Hargest*, Deputy Attorney General, and

232, (1919).] Arguments—Opinion of the Court.

*J. P. Hale Jenkins,* for appellant, cited: Miller's App., 31 Pa. 337; Long's Est., 254 Pa. 370; Tyson's App., 10 Pa. 220; Conwell's Est., 22 W. N. C. 183; Wright's Est., 38 Pa. 507; DuBois's App., 121 Pa. 368; Reish, Administrator, v. Commonwealth, 106 Pa. 521; Line's Est., 155 Pa. 378.

*A. H. Hendricks,* for appellee, filed no printed brief.

OPINION BY PORTER, J., July 17, 1919:

The will of the decedent bequeathed the residue of his estate to his three children. The appraisers appointed by the register of wills of Montgomery County, for the purpose of ascertaining the inheritance tax to be paid under the provisions of the Act of July 11, 1917, P. L. 832, included in their valuation of the property passing under this bequest certain advancements, aggregating $6,988.99, which the testator during his lifetime had made to said children. The children appealed from this appraisement to the Orphans' Court of Montgomery County, which after a hearing found that the testator had during his lifetime made advancements to said children to the amount stated, but that they were irrevocable and the full possession and enjoyment thereof had been vested in the children. The court decreed that the amount of the advancements should be excluded from the appraisement and that it should not be assessed for taxation. The Commonwealth appeals from that decree.

The statute in question, which is usually referred to as the direct Inheritance Tax Law, is a tax upon the property which passes from any decedent to certain classes of his relatives. The property taxable under this statute is: "All estates, real, personal and mixed, ......passing from any person who may die seized or possessed of such estates, either by will or under the intestate laws of this Commonwealth, or any part of such estate or interest therein, transferred by deed, grant, bargain, or sale, made or intended to take effect in possession or enjoy-

ment after the death of the grantor or bargainor, to or for the use of......children......of a person dying legally seized or possessed thereof,......are hereby made subject to a tax of two dollars on every one hundred dollars of the clear value of such estates." The Commonwealth is here insisting upon imposing a tax upon advancements which the decedent had during his lifetime made to his children. "An advancement is a pure and irrevocable gift, made by a parent, in his lifetime, to his child, on account of such child's share of the estate, after the parent's decease; and the time when it is to be considered and settled is, after the death of the ancestor, regardless of the time when made": Miller's App., 31 Pa. 337; Long's Est., 254 Pa. 370. The tax imposed by the Act of 1917 is to be levied upon the net value of the property which passes to those who are entitled to the estate under the will of the testator: VanBeil's Est., 257 Pa. 155. The advancements in question are not property of which the testator died seized, nor had he transferred them by any grant or bargain intended to take effect in possession after his death, nor did they pass to these appellees "either by will or under the intestate laws of this Commonwealth"; they were not property upon which the statute gave any authority to impose a tax. The tax is to be paid by the person to whom the estate passes. It happens in this case that the son received advancements during the lifetime of his father to an amount greater than each of the two daughters can hope to receive, including the advancements which had been made to them, respectively. The son cannot be required to pay the tax for he receives nothing under the will or the intestate laws; if the contention of the Commonwealth were sound, the daughters would be compelled to pay the tax upon the advancements long since made to their brother.

The contention on behalf of the Commonwealth is, however, that the following provisions of the will of the testator made these advancements a part of his estate. "I also order and direct that all advancements of money

made by me to my children, the cost of household goods purchased by me for them when, after marriage, they started housekeeping, and all other charges made and entered in my family book against my son and two daughters, respectively, shall be included in my estate, and made a part thereof; and the respective amounts of the charges against them, shall be deducted from their respective shares in my estate, at the time of making distribution thereof." The testator certainly did not intend by this clause of his will to resume possession of and property in the household goods which he had long previously given to his children; this he must be presumed to have known that he could not do. What the testator meant by the clause was that the property of which he died possessed should be so distributed as to produce equality among his children, taking into consideration the amounts which had been advanced to them, respectively. The advancements were to be considered a part of his estate for the purpose of determining the manner in which the property of which he died possessed should be distributed. This amounted to nothing more than if he had said that the advancements should, for the purposes of distribution, be brought into hotchpot with the property of which he died possessed and that no one of the children should receive anything until each of the others had received a sum equal to that which had been advanced to that other child.

The decree of the court below is affirmed.