## Real Estate Savings & Trust Company of Allegheny v. Lewis, Appellant.

Argued October 2, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

*Harvey A. Miller*, of *Miller & Nesbitt*, for appellant.

*Horace Thomas, Jr.,* Special Deputy Attorney General, with him *John W. Lord, Jr.,* Special Deputy Attorney General, *Orville Brown,* Deputy Attorney General, and *Claude T. Reno,* Attorney General, for appellee.

OPINION BY MR. JUSTICE MAXEY, October 28, 1940:

This case presents a question of jurisdiction as between the Court of Common Pleas and the Orphans' Court. The plaintiff Trust Company brought suit against the Estate of Thomas E. Long for $37,900, with interest. The suit was based upon certain promissory notes of Thomas E. Long of which the Trust Company was the holder for value at the time of the death of Long on August 19, 1931. In the affidavit of defense filed by Clarence V. Watkins, Administrator d.b.n.c. t.a. of the Estate of Thomas E. Long, Deceased, it was alleged that on November 16, 1932, William D. Gordon, Secretary of Banking, took possession of the business and property of the Real Estate Savings and Trust Company, plaintiff, for the purpose of liquidation and that this trust company was the active executor of the Estate of Thomas E. Long, Deceased, "in the handling thereof from the date of its appointment, August 26, 1931, for a period approximately eleven and one-half months after the date of its appointment." A setoff and counterclaim was pleaded, inter alia, as follows: "That at the time of the death of Thomas E. Long on August 19, 1931, he was the owner of personal assets and securities of an appraised value of $83,925.02;" that as the active executor of the aforementioned estate, it became its duty "to promptly and within a reasonable time from the date when letters testamentary were issued to it, to proceed to liquidate the securities as herein set forth in Exhibit "A," in order that it might be in position to discharge the indebtedness of the said estate out of the funds from liquidation of the assets." It was pleaded further that the plaintiff "in total disregard of its legal responsibility and duty, and in direct

violation thereof, wholly failed promptly or at any time thereafter as required by law to liquidate the said personal assets; the result of which the securities depreciated and some became worthless," so that their market value at the time when the Secretary of Banking took possession of the plaintiff for the purpose of liquidation, had no greater market value than the sum of $27,976.10.

At the trial plaintiff made out a prima facie case and when defendant undertook to submit evidence in behalf of its setoff and counterclaim, counsel for plaintiff objected that the Court of Common Pleas did not have jurisdiction of the setoff and counterclaim. The objection was sustained, the evidence excluded and a verdict was directed in favor of the plaintiff in the total sum of the notes, $48,866.04. A new trial was asked for and refused, the court declaring: "The tribunal for the adjudication of the defendant's claim against the executors of the Estate of Thomas E. Long is the Orphans' Court." The court cited *Long's Est.*, 254 Pa. 370, 98 A. 1066, in which we said: "The Orphans' Court has exclusive jurisdiction over all things pertaining to the settlement and distribution of estates, including claims of creditors, next of kin and legatees, and this is especially true as to advancements."

In its opinion refusing a new trial the court below well said: "The defendant is seeking to surcharge an executor in a Common Pleas Court proceeding. This the defendant may not do. An executor may be surcharged only by exception being filed to an account when all parties involved, including heirs and creditors, can be heard. And that can only be done in the Orphans' Court."

In *Slagle's Est.*, 335 Pa. 552, 557, 7 A. 2d 353, this court said of the jurisdiction of the Orphans' Court: "Its authority extends to the determination of all questions arising out of alleged defaults of executors and administrators, and it has all the necessary means of enforcing its decrees." Appellant cites *Victor Hibert*

*v. F. X. L. Lang,* 165 Pa. 439, 30 A. 1004, as authority for the Court of Common Pleas taking jurisdiction of the matters set up in defendant's setoff and counterclaim in order to avoid "circuity of action." That case is not applicable because here the court lacked jurisdiction over the subject-matter of the setoff and counterclaim.

The Orphans' Court is open for the adjudication of the setoff and counterclaim. As the court below pointed out: "The content of the set-off and counterclaim will be presented in the Orphans' Court as an original proceeding and not as a set-off and counterclaim to a judgment entered in the Common Pleas Court."

The judgment is affirmed.