Hoak, Appellant, *v.* Unger et al.

Argued October 30, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Willis F. Daniels,* with him *Rose Daniels, Harold W. Swope* and *Elizabeth McCullough,* for appellant.

*E. M. Biddle, Jr.,* with him *S. S. Rupp,* for appellees.

OPINION BY RHODES, J., January 30, 1941:

The question here is, Did the court of common pleas have jurisdiction?

Ira L. Unger died testate in July, 1938. Letters testamentary were duly granted to his brother, John E. Unger, and his widow, Florence S. Unger. Plaintiff, in October, 1938, brought an action in replevin against the personal representatives of decedent in their representative capacity to recover possession of a diamond ring. In his declaration plaintiff averred ownership of the ring and right of possession; that he loaned it to decedent in 1926; that since that time it has remained in possession of decedent and his executors notwithstanding repeated demands by plaintiff. Defendants, in their affidavit of defense, alleged that plaintiff gave the ring to decedent as a gift in 1926, and that decedent had uninterrupted possession thereof from that time until his death.

It appears that some time in 1923 plaintiff purchased the ring in question, and that it immediately thereafter came into decedent's possession. From that time on decedent admittedly had uninterrupted possession for about fifteen years, until he was taken to the hospital in February, 1938. At that time the ring was removed from his finger by his wife, Florence S. Unger, at the suggestion of his brother, John E. Unger, and thereupon given to the brother for safe-keeping. The latter kept the ring in a safe deposit box until it was delivered by him to the sheriff on November 15, 1938, when the writ of replevin was served.

The jury found that ownership of the ring was in plaintiff, and rendered a verdict accordingly.

On argument of defendants' motions for new trial and judgment n. o. v., defendants raised the question of jurisdiction of the court of common pleas over the subject-matter. That court, in sustaining defendants' position, held that it had no jurisdiction over the subject-matter, and dismissed the action without prejudice

to plaintiff's right to proceed according to law in the orphans' court. Plaintiff has appealed.

If the property was in decedent's possession, either actually or presumptively, at the time of his death, or thereafter at any time came into the possession of his personal representatives as part of the estate for purposes of administration and distribution, the jurisdiction of the orphans' court attaches initially. *Paxson's Estate*, 225 Pa. 204, 73 A. 1114; *Keyser's Estate*, 329 Pa. 514, 518, 198 A. 125; *Crisswell's Estate*, 334 Pa. 266, 269, 5 A. 2d 577. See, also, *Smith's Estate*, 141 Pa. Superior Ct. 571, 15 A. 2d 523.

Under plaintiff's statement of questions involved we are concerned only with the principle enunciated above and the facts of this case as they relate to it. Plaintiff concedes that decedent had uninterrupted possession for fifteen years, but here contends that the court below erred in stating the facts upon which its decision was based, namely, that decedent had possession of the ring until his death, and that thereafter it was held by his executors. That contention is based upon a strained construction of a portion of the testimony of John E. Unger who testified that, when decedent was taken to the hospital about five months prior to his death, the witness said to decedent's wife: "He is running a chance with that diamond ring on his finger. If I were you, I would remove it." In answer to her query as to what she should do with it, he replied: "I will take it to the Peoples Bank at Enola and put it in the safety deposit box, and when you want it it is yours." Later, when the writ of replevin was served on him, he contacted his attorney before giving the sheriff the ring, and said to the former: "I am only holding it in custody for his [decedent's] wife, and will not give it unless I know it is right." Plaintiff now argues for the first time that this testimony shows a transfer to decedent's wife, and that the ring was

not actually or presumptively in possession of decedent after decedent was taken to the hospital, nor in the possession of his executors after his death. We do not agree with this construction. On the contrary, this testimony shows that what was done with the ring was for the protection of decedent, and not to deprive him of any ownership therein. Decedent's brother possessed an awareness that decedent's interest in the ring would be better protected if it were removed from his finger and put in a safe deposit box. The gratuitous statement after decedent's death that he was holding it in custody for decedent's wife in no way alters the facts. "The possession of personal property by the wife is at common law the possession of the husband": 30 Corpus Juris 578, §109. The witness did not deny decedent's title to the ring, and we do not construe his statement as an attempt to do so; nor does it show a transfer or change of title. On the contrary, he acted in recognition and protection of decedent's interest, and his possession of the ring under the circumstances was presumptively that of decedent. The testimony, even if material, does not disclose that the witness was holding the ring for Mrs. Unger in her individual capacity. There has been no claim of ownership except by plaintiff for himself, and by defendants for their decedent. Neither defendant made any claim to personal ownership of the ring. It is clear to us, as it was to the court below, that decedent's brother had come into custody of the ring as the property of decedent, and was so held until the latter's death, and that thereafter it was in the possession of his personal representatives until the present action was brought.

It is also to be noted that at the trial the only issue involved was the ownership of the ring. No issue was raised relative to the possession of the ring. Plaintiff's declaration averred possession by decedent and his executors; the affidavit of defense claimed the ring to be a part of decedent's estate. The theory of plain-

tiff in the court below was that he owned the ring, and that it was held by defendants as personal representatives of decedent. The action was brought against defendants as personal representatives of decedent; the replevin bond was given to the Commonwealth for the use of the personal representatives. Plaintiff's demand was made through his counsel upon defendants "as personal representatives of Ira L. Unger, deceased, to return the diamond solitaire ring belonging to Mr. Hoak, which was in the possession of the said Ira L. Unger at the time of his death and for some time previous thereto."

After careful review of the record and the comprehensive brief filed on plaintiff's behalf, we are unable to agree with plaintiff's contention that the possession of the ring was not in the decedent at the time of his death, and that the executors did not obtain possession thereof as a part of the estate for administration and ultimate distribution. On the contrary, we are of the opinion that the record affirmatively establishes these facts, and that therefore the court of common pleas was without jurisdiction over the subject-matter.

The instant case is clearly analogous to *Crisswell's Estate,* supra, and is very different from those cases where disputed property was in the possession of one, not a fiduciary, claiming adversely to the estate. *McGovern's Estate,* 322 Pa. 379, 186 A. 89; *Schnepf's Estate,* 48 Pa. Superior Ct. 580. *Cutler's Estate,* 225 Pa. 167, 73 A. 1111, cited by plaintiff, gives no support to his basic contention. In *Cutler's Estate,* supra, the securities were in the possession of the executrix of the estate who claimed them as her own, and had acquired them prior to decedent's death. The Supreme Court held that the orphans' court should certify the issue of title to a jury. In the present case the executors obtained the ring which decedent had unquestionably possessed for fifteen years, and which was in his posses-

sion presumptively at the time of his death; they came into possession of the property as that of the decedent; there was no adverse claim, and there was no proof that decedent's wife owned it or had any interest in it.

We agree with the summation given by the court below in its opinion: "Under the circumstances present in the instant case, the court of common pleas has no jurisdiction to entertain an action of replevin. That action must be dismissed, without prejudice to the plaintiff's right to petition the orphans' court for allowance of his claim. If the orphans' court decides there is a substantial factual dispute, it may submit an issue to be tried by a jury in this court," or "the orphans' court may, in its discretion, direct that such an issue be tried before a jury drawn by the orphans' court itself." See *Real Estate Savings & Trust Co. of Allegheny v. Lewis,* 340 Pa. 86, 16 A. 2d 13.

Order of the court below is affirmed.