Landis, Appellant, v. Landis et al.

Argued October 3, 1941. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

*A. W. Brubaker*, with him *H. Clay Burkholder*, for appellant.

*Paul A. Mueller*, for appellee.

PER CURIAM, November 24, 1941:
Harry H. Landis, Sr., died on June 1, 1934, domiciled in Lancaster County, leaving to survive him, in addition to his widow, two sons, D. Allen Landis and Harry H. Landis, Jr., whom he appointed executors of his estate, and a daughter, Anna Mary Landis. On December 20, 1939, Anna Mary Landis filed this bill in equity against the sons, in their individual capacity, to establish and enforce an alleged oral trust in a $15,000 promissory note which was given to the decedent, payable to him

on demand, by Harry H. Landis, Jr., on March 9, 1933, and is now in the possession of D. Allen Landis, unendorsed, averring that the decedent, "in order to equalize gifts and advancements which he had made to his two sons and losses which he had sustained by reason of assistance rendered to his two sons", had delivered the note to D. Allen Landis subject to an oral trust for her, the daughter's, maintenance and support. Preliminary objections filed by Harry H. Landis, Jr., denying the jurisdiction of the court of common pleas over the subject matter of the controversy were sustained, after argument, and a decree was entered in effect dismissing the bill, without prejudice to petitioner's right to present a petition to the orphans' court for allowance of her claim. From that decree she has taken this appeal.

The appeal cannot be sustained. As the note in controversy is payable, on its face, to the decedent, it is presumed, in the absence of endorsement by him during his lifetime, that ownership continued in him up to the time of his death. See *Paxson's Estate,* 225 Pa. 204, 210; *Keyser's Estate,* 329 Pa. 514, 521; Anno. 30 A. L. R. 1492. Title being prima facie in the estate, which is now being administered in the orphans' court, it is exclusively for that court to determine, in limine, whether appellant's assertions are supported by evidence which in law shows a substantial dispute as to ownership of the asset, and the court of common pleas is without jurisdiction to entertain the cause until and unless the orphans' court, having first determined that question in appellant's favor, shall have submitted to it for trial the issue of title. See *Keyser's Estate,* supra; *Crisswell's Estate,* 334 Pa. 266, 271. Appellant cannot short-circuit the case into the common pleas by merely pleading facts which, if properly proven, may establish her title: *Crisswell's Estate,* supra, 271.

Decree affirmed at appellant's cost.