Stamper, Appellant, *v.* Augenblick et al.

Argued Dec. 7, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Aaron Trasoff,* for appellant.

*Maurice E. Cohen,* for Augenblick, appellee.

*James F. McMullan,* with him *Everett H. Brown, Jr.,* and *Shields, Clark, Brown & McCown,* for Edw. K. Tryon Co., appellee.

PER CURIAM, March 19, 1945:

Plaintiff complains that his amended bill was dismissed on preliminary objections filed by both defendants: Equity Rules 48 and 49. The defendants are "Morris Augenblick, individually, and as executor of the Estate of Jacob Augenblick, otherwise known as Jack Augenblick" and Edward K. Tryon Co., a corporation.

From the bill and the amendment, we gather (1) that plaintiff and his wife, for his account, "advanced" money to Jacob Augenblick, defendant's testator, to enable Augenblick to engage in stock speculation for the equal benefit of plaintiff and Augenblick; (2) that Augenblick had applied for or had obtained a patent for an invention of fishing tackle and, on September 21, 1938, after the joint stock speculation had been going on for some time, discharged his obligation to plaintiff to repay the "advances" made for speculation, by agreeing to pay him "one-half of any net proceeds that [Augenblick] received from the earnings" of the patent; (3) after Augenblick's death, his executor sold the fishing tackle business and the patent to Edward K.

Tryon Co. for $3,000, which plaintiff alleges to be an inadequate price.

Augenblick died February 1, 1944. His estate is being administered by his executor. The plaintiff prays for a receiver for a partnership and for an accounting but there is no averment of facts that would support a finding that a partnership had existed: compare *Kirshon v. Friedman,* 349 Pa. 171, 36 A. 2d 647. If the executor committed a devastavit, as the plaintiff alleges, he may complain to the Orphans' Court which has jurisdiction of the executor's administration: *Mauser v. Mauser,* 326 Pa. 257, 192 A. 137; *Slagle's Estate,* 335 Pa. 552, 7 A. 2d 353; *Real Estate Savings, etc., Co. v. Lewis,* 340 Pa. 86, 16 A. 2d 13; *Landis v. Landis,* 343 Pa. 252, 22 A. 2d 908. While a creditor may proceed in the common pleas in a proper case to establish the amount of his claim, he must aver it. Other objections need not be referred to.

Decree affirmed at appellant's costs.