Thompson Estate.

Argued November 10, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Frank D. Prather,* with him *Peters & Prather,* for appellants.

*George J. Barco,* with him *Dickson Andrews, John I. Kent* and *Kent, Kent & Kent,* for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, January 3, 1949:

. This appeal presents a question of orphans' court practice.

Mary Martha Thompson, the decedent, died testate on October 27, 1947. By her will she appointed two nieces executrices and conferred upon them a power of sale over her real estate. On November 13, 1947 the executrices filed a petition in the orphans' court titled "Petition for sale of real estate." In the petition it is recited that as fiduciaries, under the power of sale contained in the will, the executrices had entered into a written agreement with Ralph H. Shadley and his wife, for the sale of real estate therein described, for a consideration of $38,000; that an obstacle to such sale was the fact that decedent in her lifetime had executed and delivered a paper to H. C. Winslow, a copy of which was attached, which purported to be an option, or agreement of sale, for the premises, at a consideration of $30,600; for reasons assigned in the petition the purported option or agreement is asserted to be nugatory and void; the prayer of the petition is that the executrices be directed to comply with the terms of *their* agreement of sale and that a citation be issued to the purchasers, and to the decedent's optionee, to show cause why such an order should not be made. Both respondents filed answers. The purchasers joined in the prayer of the petition. The optionee resisted the application upon the ground that his option or agreement was valid and that such an order should not be made. A motion was made by the executrices for judgment on the pleadings. A motion to dismiss the petition was filed by the optionee. The court, in a well considered opinion, dismissed the motion for judgment and denied the prayer of the petition. This appeal followed.

The decree dismissing the petition was correctly entered. The petition is hybrid both in substance and form. In one application is sought (a) an order of the orphans' court directing the fiduciaries, possessing a power of sale, to fulfill *their* contract (b) cancellation of an option for purchase of real estate given *by decedent* to a stranger to the estate and (c) a declaratory judgment concerning the rights of the respective parties litigant.

As the executrices possess a power of sale given them under the terms of this will, and exercised it, the orphans' court possesses no authority, in the absence of special circumstances not existing in this case, to approve such sale and direct a conveyance: Act of May 24, 1945, P. L. 944, 20 PS, 818; *Brereton Estate,* 355 Pa. 45, 48 A. 2d 868; *Van Voorhis' Estate,* 355 Pa. 82, 49 A. 2d 257. Cf.: *McKees Rocks Borough School District Petition,* 360 Pa. 285, 62 A. 2d 20. If the legal status of the paper purporting to be an option *executed by decedent* to H. C. Winslow is questioned, the orphans' court has *exclusive* jurisdiction to determine its validity; Fiduciaries Act of June 7, 1917, P. L. 447, section 18 (b), 20 PS, 612. See *Colison Estate,* 356 Pa. 531, 534, 52 A. 2d 184, and the cases therein cited. The procedure to enforce *decedent's* contract to buy or sell real estate is defined by section 18 of the Fiduciaries Act, supra. The validity of such a contract must be determined in a specific performance proceeding. It may not be determined in a *collateral* proceeding where the aid of the court is sought in the performance of the *executrices'* contract to sell the same real estate. Obviously the relief really desired is to obtain a declaratory judgment upon the validity of decedent's option or agreement. The remedy of a declaratory judgment is not an optional substitute for established and available remedies specifically provided: *Gerety Estate,* 349 Pa. 417, 37 A. 2d 792; *Keefer Estate,* 351 Pa. 343, 41 A. 2d 666; *Fahey Estate,* 356 Pa. 535, 52 A. 2d 580.

No basis for relief is disclosed in any one of the fore-going situations *in this proceeding,* and appellants have acquired no greater rights in seeking to combine them.

Decree affirmed at the cost of the appellants.