## Walcott v. Boyle et al.

*Isadore E. Krasno*, for plaintiff.

*Paris J. DeSantis* and *D. J. Boyle*, for defendants.

DALTON, J., July 23, 1951.—Does a court of common pleas, sitting in equity, have jurisdiction to compel

specific performance of a personal representative's agreement to sell real estate of a decedent, or to restrain the personal representative from carrying out his agreement to sell the same property to a third person, where the personal representative's power of sale is derived exclusively from the Fiduciaries Act of April 18, 1949, P. L. 512, sec. 541, 20 PS § 320.541? That is the question now before us.

Plaintiff, John Walcott, has filed a bill in equity in which he alleges that defendant, Fred Trachte, administrator c. t. a. of the estate of Lena Roppel, acting through the agency of the other defendant, P. V. Boyle, entered into an agreement with him for the sale of certain real property which is part of decedent's estate. He alleges that defendant-administrator has refused to carry out the agreement and has entered into a subsequent agreement to sell the same property to a third person. Plaintiff, therefore, prays for a decree restraining defendant-administrator from selling or conveying the property to any one other than plaintiff and compelling specific performance of the administrator's contract with plaintiff. Defendants have filed a petition to dismiss the bill for want of jurisdiction in this court. They contend that jurisdiction over the subject matter is vested exclusively in the orphans' court.

A stipulation filed of record by counsel shows that decedent, Lena Roppel, died testate on April 11, 1950, and that letters of administration c. t. a. were granted to defendant, Fred Trachte, by the Register of Wills of Schuylkill County on May 4, 1950. By her will decedent gave, devised and bequeathed "all my estate, real, personal, and mixed to my Daughter: Emma Louise Roppel". No power of sale was contained in the will, and it is further stipulated that the orphans' court has not authorized a sale of the property in question, nor has any application been made to that court in

connection with the disposition of any of decedent's real property. It is apparent, therefore, that the personal representative's power to sell rests entirely upon section 541 of the Fiduciaries Act of April 18, 1949, which empowers a personal representative, except as otherwise provided by the will, to sell "any real property not specifically devised".

Since the alleged agreement of sale was not made by decedent in her lifetime, but by her personal representative, section 620 of the Fiduciaries Act of 1949, 20 PS §320.620, has no application. However, there are other statutory provisions which, in our opinion, compel the conclusion that the court of common pleas is without jurisdiction in this matter.

By virtue of the Orphans' Court Act of June 7, 1917, P. L. 363, the jurisdiction of the orphans' court extends to and embraces, inter alia:

"The control . . . of executors and administrators . . . and the settlement of their accounts"; "the distribution of the assets and surplusage of the estates of decedents among creditors and others interested"; "all cases within their respective counties, wherein executors, administrators, guardians, or trustees may be possessed of, or are in any way accountable for, any real or personal estate of the decedent" and "the exercise of all other powers needful to the doing of anything . . . required or permitted to be done in said court": sec. 9, pars. (d), (e), (l) and (n), 20 PS §§2244, 2245, 2252 and 2254.

The common pleas, even as a court of equity, cannot interfere with a matter of which the orphans' court has exclusive jurisdiction: Loomis v. Loomis, 27 Pa. 233; Chew's Executors v. Chew, 28 Pa. 17. In Kane et al. v. Girard Trust Company et al., 351 Pa. 191, the executors and trustees of a decedent's estate, acting under a power contained in a will, entered into a written contract with plaintiffs for the sale of certain real

estate of decedent. They subsequently conveyed the property to third persons who offered a substantially higher price. Pursuant to a bill in equity filed by plaintiffs, the Court of Common Pleas No. 1 of Philadelphia County decreed a reconveyance of the property to the trustees and specific performance of their contract with plaintiffs. On appeal, the Supreme Court reversed, saying (p. 193):

"The decree of the court below must be reversed because the common pleas has no jurisdiction to set aside the sale to the Maimins and direct the trustees to reconvey to plaintiffs. The orphans' court has exclusive jurisdiction over all things pertaining to the settlement of decedents' estates: Long's Estate, 254 Pa. 370, 98 A. 1066. Since a conversion of real estate of a decedent by the exercise of a power of sale contained in a will pertains to the settlement of an estate, the matter of the enforcibility of the agreement of sale falls within the exclusive jurisdiction of the orphans' court." Cf. Mussleman's Appeal, 65 Pa. 480; Bell's Appeal, 71 Pa. 465.

While we are not here concerned with a power of sale *contained in a will* but solely with a *statutory* power conferred by the Fiduciaries Act of 1949, we are of opinion that the jurisdictional principles announced in the Kane case are equally applicable to a sale under the statutory power. Under the Act of 1949 real estate of a decedent is now taken into administration substantially to the same extent as personal estate. To assist the personal representative in the administration of the real estate and to facilitate the settlement of the estate, section 541 gives the personal representative statutory authority, not theretofore possessed, to sell any real property not specifically devised, unless the will provides otherwise. And while it seems that he may exercise this power without seeking court approval (Biddle Estate, 74 D. & C. 470),

yet, to avoid abuse, the legislature has expressly conferred on the orphans' court a broad supervisory control over its exercise, by empowering that court, in its discretion, to restrain the personal representative from either entering into or carrying out a contract of sale under the statutory power: sec. 545, 20 PS §320.545. Thus, in Diamandas Estate, 73 D. & C. 334, the Orphans' Court of Philadelphia County relied upon section 545 as one of its grounds for refusing summary judgment on a petition for specific performance of a personal representative's contract.

It is true that, since the decision in the Kane case, supra, the supervisory powers of the courts over the contracts of fiduciaries have been greatly curtailed by the Act of May 24, 1945, P. L. 944, 20 PS §818, which provides that in the absence of fraud, accident or mistake "neither inadequacy of consideration, nor the receipt of an offer to deal on other terms shall, except as otherwise agreed by the parties, relieve the fiduciary of the obligation to perform his contract or shall constitute ground for any court to set aside the contract, or to refuse to enforce it by specific performance or otherwise." See Van Voorhis Estate, 355 Pa. 82 and Thompson's Estate, 360 Pa. 566, both dealing with a power contained in a will. To what extent, if any, the Act of 1945 affects the power of the orphans' court under section 545 of the Act of 1949, we need not inquire. The limitations of the Act of 1945 curtail the powers of the common pleas to the same extent as they do the powers of the orphans' court and, therefore, that act has no bearing on the respective jurisdictions of the two courts inter se.

We are of opinion that the legislative intent was to place the exercise of the statutory power of sale under the exclusive supervision of the orphans' court; that the exercise of such power presents a case within section 9 (l) of the Orphans' Court Act, supra, "wherein

executors, administrators . . . are in any way accountable for, any real or personal estate of the decedent"; and that it pertains to the settlement of a decedent's estate. We therefore hold, under the authority of Kane et al. v. Girard Trust Co. et al., 351 Pa. 191, supra, that this court of common pleas is without jurisdiction to decree specific performance of the administrator's contract with plaintiff, or to enjoin the administrator from selling the property to any other person.

And now, July 23, 1951, the rule to show cause is made absolute, and the bill is dismissed for want of jurisdiction.