SATTERTHWAITE, P. J.,
This is a petition by the executor of the within decedent’s estate, ostensibly under section 543 of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.543, seeking court approval, with the effect of a judicial sale, of a proposed private sale of real estate negotiated by him, so that the same might be declared free and clear of an allegedly invalid contractual right of first refusal given to another at a more restricted price by decedent and her deceased husband during their lifetimes. The purported optionee was made a party respondent by citation and has preliminarily objected to the petition, questioning, in addition to certain formal matters, the jurisdiction of the Orphans’ Court Division and the propriety of the form of remedy sought.
The petition alleges that the premises had been purchased from Solebury School, Inc., on February 7, 1929, by decedent’s husband, Stephen C. Hoyt, and *133 as part of the transaction decedent and her husband joined in a duly recorded written agreement with the seller whereby they covenanted “that they, their heirs, executors, administrators and assigns will not sell the said mentioned property or any part thereof to any third party without first giving said Solebury School, Inc. an option good for sixty days after written notice to that effect served upon said Solebury School, Inc. by said Hoyt to purchase the said property at a sum representing the cost thereof (including the cost of permanent improvements) to the said Hoyt less a proper and reasonable deduction for depreciation on the structures and improvements to the date of said option; the amount of such depreciation, if the parties cannot agree thereupon, to be determined by [arbitration].”
The petition further alleges the death of Stephen C. Hoyt on July 14, 1967; the provisions of his will devising the premises to his widow, the within decedent; the death of the latter on June 1, 1969, and the provisions of her will naming petitioner, her son, as executor and sole beneficiary. It further sets forth the terms of the private sale in question whereby petitioner has agreed to sell the subject premises to George S. Ireland, Jr., and wife for $24,000; that petitioner, although believing that the option agreement was invalid, has nevertheless corresponded relative thereto with Solebury School, Inc., resulting in the latter’s insistence upon its alleged contractual rights and an offer thereunder to purchase for $5,000; that said 1929 agreement “violates public policy and is null and void” and that the proposed sale to the Irelands “needs approval of Court to set aside the recorded agreement of February 8, 1929, so that clear title can pass to the proposed purchaser.”
*134 We believe that respondent’s objection to the jurisdiction of the Orphans’ Court Division is without merit.
Under section 4 of the schedule to article V, Judiciary, of the new Constitution, although orphans’ courts as separate courts have been abolished, nevertheless, in judicial districts formerly having separate orphans’ courts (as was the case in the Seventh Judicial District comprised of Bucks County,) the new consolidated common pleas “shall exercise the jurisdiction presently exercised by the separate orphans’ courts through their respective orphans’ court division.” The Supreme Court, by Order No. 24, dated December 31, 1968, Civil Procedural Rules Docket No. 4, 434 Pa. xxxvii, directed that all statutes and rules governing practice and procedure then in effect should continue in force until suspended, revoked and modified pursuant to said article V of the Constitution. Accordingly, the jurisdictional and other provisions of the Orphans’ Court Act of August 10, 1951, P. L. 1163, as amended, 20 PS §2080.101, et seq., still remain in effect and mandate that, notwithstanding constitutional consolidation, the independent jurisdiction of the Orphans’ Court Division of the new Common Pleas Court must still be regarded. See Eberhardt v. Ovens, 436 Pa. 320 (1969), and especially Justice Jones’ concurring opinion, 436 Pa. at 324-25, and the annotation in Fiduciary Review, March 1970, p. 1.
The issue proposed to be litigated by the within petition certainly is concerned with and related to the “administration and distribution of the real . . . property” of the within decedent’s estate. Accordingly, it would seem prima facie to be within the ambit of clause (1) of section 301 of the Orphans’ Court Act of 1951, 20 PS §2080.301, which section by its *135 various clauses defines the subjects constituting matters within the exclusive jurisdiction of the orphans’ court. Compare Tallarico v. Bellotti, 414 Pa. 535 (1964), where an action to quiet title in the common pleas was dismissed on the ground that exclusive jurisdiction was in the Orphans’ Court, since the litigation involved the administration and distribution of real estate standing in decedent’s name at the time of his death, notwithstanding that the real issue, as in the instant case, was the interpretation and application of an inter vivos agreement by decedent which, in itself, would independently control and mandate the administration and distribution thereof. See also, for another example of the application of clause (1), Zima Estate, 9 Fiduc. Rep. 676 (1959), which sustained the jurisdiction of the Orphans’ Court in a declaratory judgment proceeding to adjudicate the validity of decedent’s title to realty purchased at tax sale in his lifetime, in order to effectuate a sale thereof by the personal representative.
We recognize that arguable doubt might exist relative to this possibly too general a rationalization of the applicability of clause (1) to factual-legal problems arising out of lifetime transactions between a decedent and third persons which may affect the administration and distribution of assets of his estate after his death. See, for example, the negation of Orphans’ Court jurisdiction in Rybak Estate, 424 Pa. 470 (1967), which involved matters occurring in decedent’s lifetime, but which were also quite apparently concerned with and related to the proper administration of her estate. Accordingly, we would be reluctant to rest this decision on clause (1) alone. However, we further believe that certain of the other clauses of said section 301, when considered with and *136 as amplifications of clause (1), definitely do sustain the jurisdiction of this division of the court in the instant case.
The within controversy, disregarding for the moment the separate problem of the propriety of the actual form of procedure through which petitioner proposes to submit it for determination, seeks an adjudication of the present validity, applicability and enforceability of the 1929 “option” covenant as related to property constituting an asset of the within decedent’s estate and the personal representative’s power to dispose thereof.
As such, this litigation might well be regarded as one contemplated by clauses (11) and (12) of section 301. The former includes matters involving the “construction of an administrative power as to real estate proposed to be exercised by a fiduciary subject to the jurisdiction of the orphans’ court.” Petitioner’s proposal to sell this real estate would normally be a routine exercise of a clearly conferred administrative power so to do, freely and unrestrictedly, under section 541 of the Fiduciaries Act of 1949, 20 PS §320.541. By reason of the very existence of decedent’s recorded option in this case, however, this administrative power is subject to question and interpretation. Even if petitioner be correct in his opinion that such inter vivos contract is legally ineffectual, he cannot, as a practical matter, proceed to exercise his section 541 power to sell for the best price and in the best interest of the estate unless and until his personal opinion has been substantiated by a judicial determination that such power has not been precluded or modified by the option contract.
So, too, clause (12) confers jurisdiction in the Revised Price Act situation where the question in *137 volved is the “disposition of any interest in real estate of one disabled from dealing with it when title to it ... is in an estate or trust subject to the jurisdiction of the orphans’ court.” While petitioner, as executor, may not be totally precluded from dealing with the subject property, he is at least partially “disabled” in this respect, in that if the option is valid, his only opportunity is to deal solely with the optionee on obviously unfavorable terms, if the optionee so requires.
Still further, under the rationale of Thompson Estate, 360 Pa. 566 (1949), clause (9) of said section 301, regarded from a reverse or negative point of view, would also seem to found jurisdiction here. That clause authorizes orphans’ courts to “enforce specifically the performance by either party of any agreement made by a decedent to purchase or sell real or personal property.” While the relevancy of this authorization to the within problem might not be apparent at first glance, nevertheless, the Supreme Court in Thompson invoked the predecessor specific performance provisions of section 18 of the Fiduciaries Act of 1917, 20 PS §611, in a case involving almost the identical situation as here presented: a petition by executors for approval of their proposed sale of real estate for $38,000 in the face of an allegedly void option given by decedent in her lifetime to another to purchase for $30,600. The court actually decided that the petition was properly dismissed, since (1) no authority existed [prior to the Fiduciaries Act of 1949 and subject to presently immaterial exceptions] for court approval of an executor’s sale of real estate under a testamentary power of sale, and (2) the petition could not be considered as an application for declaratory judgment because *138 of the existence of another appropriate statutory remedy. It is the latter conclusion which is presently germane. In this connection, the court apparently reasoned not only that the power conferred by section 18 (a) to decree specific performance must necessarily have also included the converse authority to refuse that remedy in a proper case, as where no contract existed or was still effective to be enforced, but also that all such questions were for the Orphans’ Court to consider under that statute, whether the party invoking the aid of the court was seeking affirmative performance of the contract or was endeavoring to negate or set it aside. The court said, 360 Pa. at page 568:
“If the legal status of the paper purporting to be an option executed by decedent to H. C. Winslow is questioned, the orphans’ court has exclusive jurisdiction to determine its validity; . . . [citing Section 18 of the 1917 Act] . . . The procedure to enforce decedent’s contract to buy or sell real estate is defined by section 18 of the Fiduciaries Act, supra. The validity of such a contract must be determined in a specific performance proceeding. It may not be determined in a collateral proceeding where the aid of the court is sought in the performance of the executrices’ contract to sell the same real estate. Obviously the relief really desired is to obtain a declaratory judgment upon the validity of decedent’s option or agreement. The remedy of a declaratory judgment is not an optional substitute for established and available remedies specifically provided: . . . [citing cases] . . .”
For the foregoing reasons, we overrule respondent’s contention that this division of the court lacks jurisdiction to entertain this litigation. We also disagree with its further contention that the petition under *139 section 543 for leave to sell with the effect of a judicial sale is inappropriate. While the real problem of the validity of the option contract is incidental and collateral to the direct purpose of a section 543 proceeding, i.e., an adjudication of the propriety of the proposed sale and the desirability of a judicial sale to clear the title in the best interest of the administration and distribution of the estate, yet the collateral nature of that purpose does not preclude the availability of that remedy under present law, the actual decision in Thompson Estate, supra, to the contrary notwithstanding. Contrary to the situation in Thompson under the 1917 statute, section 543 of the Fiduciaries Act of 1949 does now authorize judicial approval of a personal representative’s sale of real estate in appropriate cases, and under section 304 of the Orphans’ Court Act of 1951, 20 PS §2080.304, the court has “all legal and equitable powers required for or incidental to the exercise of its jurisdiction.” See also, section 7 of the Act of May 22, 1935, P. L. 228, 12 PS §853, supplementing the Uniform Declaratory Judgments Act, which, in effect, authorizes the entry of a declaratory judgment in any type of pending proceeding where all parties affected are before the court and “where the court is convinced that such a judgment or decree is appropriate and proper to be entered”: Wukovich v. Pietro vich, 7 Lawrence 240 (1948).
That the latter criterion of a proper occasion is almost inevitably present in order to adjudicate the marketability of the title which petitioner proposes to sell, if he is successful on the merits, is self-evident. Without such assurance, it is obvious that no purchaser would buy. It follows, therefore, that the court might properly undertake to decide this incidental but intensely practical controversy in this form of *140 proceeding, provided, of course, that petitioner presents a proper case for section 543 action by the court.
This leads to the final aspects of respondent’s contentions, to the effect that, in form, petitioner has not pleaded in compliance with the requirements of section 543 and the Rules of the Supreme Court and of this court further implementing them. This position by respondent is well taken in several respects.
In the first place, the petition sets forth no facts which would enable the court to determine, as required by section 543, that the proposed sale would be necessary or desirable for the proper administration or distribution of the estate.
Secondly, it also fails to comply with Supreme Court Orphans’ Court Rules, section 12, rule 10, as amended effective February 1, 1968, which require a petition for the approval of a private sale of real estate to allege that the consideration to be received is more than can be obtained at public sale, and further to be supported by the affidavits of at least two competent real estate appraisers attesting to specified matters relating to the value of the subject realty. [The one letter from one real estate broker, of which only a photocopy is attached to the instant petition, does not meet any of these requirements.]
Thirdly, the petition is at least equivocal and uncertain, if not actually deficient, factually, in certain respects. It is recited, for example, that Stephen C. Hoyt died July 14, 1967, testate, leaving Stanis H. Hoyt as his sole heir. No copy of his will is attached, no identification of the personal representative is given, nor is any averment made as to the status of the administration of that estate, as, for example, whether the subject real estate ever had been awarded by adjudication to the present decedent. Similarly, with respect to the within decedent’s estate, it is *141 alleged that she left a will of which petitioner was named “Testator” (executor?) and sole beneficiary, but, again, no copy was attached. While we do not agree with respondent’s contention that petitioner individually (assuming he is the sole executor and the only beneficiary of the within estate) need be joined as a party to this petition, we cannot pass upon the further contention that the personal representative of decedent’s “predecessor in title” (presumably the Stephen C. Hoyt Estate) should have joined, unless and until we are further informed as to the status thereof.
Even more importantly, we are not at all clear as to the substantive basis for petitioner’s contention of the invalidity of the 1929 option contract. The only foundation for this position in the present petition is the bald conclusion in paragraph 14 that petitioner “believes the Agreement of 1929 violates public policy and is void.” If petitioner wishes to stand on this averment and submit the merits of his case for decision on the premise that the agreement is void on its face and regardless of any factual circumstances pertaining thereto, such is his privilege. We express no opinion upon the merits of this problem at this time since neither side has briefed or argued the question. On the other hand, if petitioner will rely on any factual background circumstances, problems of proof of cost figures or any other relevant development incident to or arising out of the 1929 agreement, he should plead them.
ORDER
And now, February 4, 1971, respondent’s preliminary objections are hereby sustained in part, dismissed in part, and not decided in part, in conformity to the foregoing opinion. Leave is given petitioner to file an amended petition.