Van Voorhis Estate.

Argued May 29, 1946. Before Maxey, C. J., Drew, Linn, Stern, Patterson, Stearne and Jones, JJ.

reargument refused November 8, 1946.

*J. Garfield Houston,* with him *John G. Kish, James L. Stuart, Jr.,* and *Blaxter, O'Neill & Houston,* for appellant.

*Harry F. Stambaugh,* for Commonwealth.

*Samuel R. Rosenbaum,* with him *Charles T. Bonos, Jr.,* for Philadelphia Bar Association, amicus curiae.

*William S. Moorhead,* with him *Arthur W. Henderson, Judson A. Crane* and *Moorhead & Knox,* for appellee.

*Park J. Alexander,* with him *R. A. Applegate* and *Rose, Eichenauer, Stewart & Lewis,* for trustees.

OPINION BY MR. JUSTICE HORACE STERN, September 30, 1946:

Thomas M. Evans petitioned the Orphans' Court of Allegheny County to set aside an agreement of sale of realty made by trustees under the will of Mary Rhodes Van Voorhis, deceased, to George R. Hann under a power of sale contained in decedent's will, and to order that the bidding for the property should be re-opened.

Decedent died on April 19, 1938. She bequeathed and devised the larger portion of her estate to James D. Dyer and the Colonial Trust Company in trust for two nieces for their lives with remainder to their children; some of the latter are minors. She gave to these testamentary trustees the power to sell any or all of her property, real or personal, at public or private sales, to such person or persons, for such prices and upon such terms as they might deem proper. Included in her property was a country estate approximately 82 acres in size and known as the "Red Gate Farm", located in Sewickley Heights Borough, Allegheny County. It is not necessary for present purposes to recite in detail all the negotiations of the trustees with Evans on the one hand and with Hann on the other leading up to the sale of this property, which was finally effected by a written agreement executed by the trustees and Hann on September 5, 1945, for the price of $51,000. Later on that same day Evans submitted a bid of $60,000 which the trustees

rejected; they had been in negotiation with Evans for a couple of months during which time he had made successively higher bids for the property but none of them as high as that which they accepted from Hann. The court below enjoined the trustees from carrying out the Hann contract and ordered that the property be exposed for public sale before the court,—a decree from which Hann now appeals.

Under a dictum contained in the opinion in *Dundas's Appeal*, 64 Pa. 325, followed by decisions in *Orr's Estate*, 283 Pa. 476, 129 A. 565, *McCullough's Estate*, 292 Pa. 177, 140 A. 865, and *Kane v. Girard Trust Company*, 351 Pa. 191, 40 A. 2d 466, Orphans' Courts have supervised and controlled trustees in the exercise of testamentary powers over the real and personal estates of decedents, and have reviewed, set aside and ordered re-sales of properties made in pursuance of such powers. But, being evidently of the opinion that intending purchasers were thereby deterred from bidding, with the result that harm rather than benefit accrued to trust beneficiaries, the legislature passed the Act of May 24, 1945, P.L. 944. This act provides, inter alia, that when a fiduciary should thereafter make a contract not requiring approval of court, neither inadequacy of consideration, or the receipt of an offer to deal on other terms should, except as otherwise agreed by the parties, relieve the fiduciary of the obligation to perform his contract or constitute ground for any court to set aside the contract, or to refuse to enforce it by specific performance or otherwise; the act further provides that it was to affect neither the inherent right of a court to set aside a contract for fraud, accident or mistake, nor the liability of a fiduciary for surcharge on the ground of negligence or bad faith in making a contract.

In the court below Evans successfully challenged the constitutionality of this statute, but we have held in *Brereton Estate*, 355 Pa. 45, 48 A. 2d 868, that the ob-

jections made to its validity are without merit. As it applies directly to the present case it follows that Hann is entitled to his purchase and that the court was in error in setting aside his contract.

In its opinion the Orphans' Court criticized the trustees for the manner in which they conducted their negotiations for the sale of the property. It is not suggested, however, that they were guilty of any fraud, but, at most, of negligence or error of judgment, so that, as far as the present litigation is concerned, any discussion of that subject is obviously irrelevant.

It is argued that a vested property right of the trust beneficiaries would be retroactively impaired if the statute were held applicable to this case, because decedent died in 1938 and the act was not passed until May 24, 1945. As far, however, as that question is concerned, it is not the date of decedent's death which is of legal significance but the date when the contract with Hann was entered into, and that was on September 5, 1945, well after the time when the act became operative. The so-called "property right" of the beneficiaries consisted in the rule of law which regarded an agreement of sale made by the trustees as a contract enforceable by but not against them; the right, therefore, could come into existence only upon the making of such an agreement by the testamentary trustees.

Decree reversed and record remanded with direction to dismiss appellee's petition; costs to be paid out of decedent's estate.

---

DISSENTING OPINION BY MR. JUSTICE PATTERSON AND MR. JUSTICE JONES:

As it is our opinion that the Act of May 24, 1945, P.L. 944, constitutes an unconstitutional impingement upon the "judicial power of this Commonwealth", which by Art. V, Sec. 1 of the Constitution is reposed *in the*

*courts, inter alia, the orphans' courts,* and at the same time violates other constitutional provisions (see dissenting opinion in *Brereton Estate,* 355 Pa. 45), it follows that the Act in question is equally incompetent to shield the sales agreement here involved. Consequently, we would affirm the decree of the learned court below.