# McKees Rocks Borough School District Petition. Kozell Appeal.

Argued September 29, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Robert W. Semenow,* for Adelaide Mae Kozell, appellant.

*Carl B. Fried,* for Lee Kozell, appellant.

*Francis Taptich,* with him *Albert P. Yunker* and *Norman A. Groudine,* for Congregation of Greek Catholic Church of the Holy Ghost of McKees Rocks, appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, November 8, 1948:

These appeals are from an order of a court of common pleas directing a Borough School District Board to sell and convey certain of its "unused and unnecessary school lands and buildings" to a trustee for a church. The proceeding is under the Act of May 11, 1939, P. L. 117, as amended, 24 PS Supp., 672a. The single question is whether the court's order is in compliance with the statute.

The Act of 1939 is an amendment to section 602 of the Act of May 18, 1911, P. L. 309, art. VI. A new section, section 602.1, was added. Section 602 of the Act of 1911 provided for the *acquisition* of land by a school district. The amendment of 1939 by section 602.1 directed how unused and unnecessary school lands and buildings should be *sold.* Under the Act of 1939, *the board of school directors* is given the choice of three methods of sale: (a) *by public auction* conducted by a licensed auctioneer,

after specified notice, posting and publication (b) *upon sealed bids,* with similar notice, posting and publication and (c) *at private sale,* with approval of court. The statutory provision relating to private sales is:

"(c) At private sale, subject to the approval of the court of common pleas of the county in which the school district is located, said authority to be secured from said court upon petition of the board of school directors, which petition shall be executed by the proper officers of the board, and which petition shall contain a full and complete description of the land proposed to be sold, a brief description and character of the building or buildings erected thereon, if any, the name of the prospective purchaser, the amount offered for said property, and it shall have attached thereto an affidavit of at least two persons who are familiar with the values of real estate in the locality in which the land and buildings proposed to be sold are located, to the effect that they have examined said property, that the price offered therefor is a fair and reasonable one and in their opinion a better price than could be obtained at public sale, and that they are not interested, either directly or indirectly, in the purchase or sale thereof; that before the court may act upon said petition it shall fix a time for the hearing of said petition and direct that public notice thereof be given as provided in clause (a). Also, a return of sale be made to said court after the sale has been consummated and the deed executed and delivered."

On January 10, 1946, a real estate agent, purporting to be acting as agent for the McKees Rocks Board of Education, entered into a written lease with Adelaide Mae Kozell for the real estate here in question. The term of the lease was fifteen months. It contained an option to the lessee to purchase for $15,000. On July 9, 1947, the Board petitioned the court of common pleas for approval of a sale to the lessee for $15,000. The court fixed a hearing for August 5, 1947, and directed statutory notice, posting and advertising. At the hearing counsel

appeared, for the Greek Catholic Church of the Holy Ghost at McKees Rocks and made an offer of $16,000. On the following day, August 6th, the church filed a petition "for leave to bid" $16,000. On August 28th Lee Kozell presented his petition to purchase the premises for $16,750. On September 3, 1947, the church filed an amended or supplemental petition increasing its "bid" to $17,000. On September 10, 1947, Lee Kozell filed another bid of $17,250. On September 17, 1947, the court directed the Board to convey the premises to the church upon receipt of $17,000. Adelaide Mae Kozell and Lee Kozell filed exceptions. After a hearing the court dismissed the exceptions. The School Board was directed to comply with the court's order of September 17, 1947, ordering a private sale to the church at $17,000. Adelaide Mae Kozell and Lee Kozell filed separate appeals.

The difference in a court's function under the Act of 1939 and under the Fiducaries Act of 1917, P. L. 447, 20 PS, 321, is apparent. Estates of decedents, trust estates and estates of persons under legal disability are under *judicial* control and supervision. Fiduciaries in possession of such estates are under the court's direct supervision. When a statute requires a *court* to direct or approve a sale of real estate in such estates, the Fiduciaries Act either expressly or by necessary implication places the duty of making or approving sales upon the *court* and requires *it* to receive and consider bids. The Fiduciaries Act does not apply, however, where the *fiduciary* makes a contract *not requiring approval by the court* and after the sale a higher offer is presented. Act of May 24, 1945, P. L. 944, 20 PS Supp., 818, 819; *Brereton Estate,* 355 Pa. 45, 48 A. 2d 868; *Van Voorhis Estate,* 355 Pa. 82, 49 A. 2d 257.

As distinguished from a *fiduciary's* sale of real estate, the Act of 1939 is dealing with a sale of real estate of a school district. Courts, in the absence of statutory provision, do not possess the control and supervision of assets of school districts. The legislature has delegated to

the board of directors of the school district the duty, inter alia, of purchasing and selling the real estate for the school districts. The sole restriction placed upon such power is when *the board* sells unused and unnecessary school lands and buildings at *private sale.* The legislature has imposed limitations on such a sale. Before the school board may consummate a *private* sale of such real estate, approval of the court must first be obtained. But the Act does not impose the duty on the *court* to make the sale. That duty rests with the *board.* The sole function of the court is to approve or disapprove the proposed private sale.

As above indicated the board petitioned the court to approve a private sale to Adelaide Mae Kozell for $15,000. At the hearing higher offers in the form of bids were made to the *court.* The attitude of the school board is reflected by its counsel when he said (p. 88a) that the board would "stand by" whatever the court decided as the board took a "middle of the road position".

This procedure was erroneous. It is the *board* which makes the sale and not the court. The court properly refused to approve a private sale to Adelaide Mae Kozell for $15,000 because of substantially higher offers. Such increased offers clearly indicated that $15,000 was not an adequate price. Having refused to approve, the *board,* and not the *court,* should have renegotiated the sale or, in lieu of a private sale, the *board* might, in the existing circumstances, expose the premises to *public sale* or receive *sealed bids.* This is for the board's decision and not the court's.

There is no merit in the contention of Adelaide Mae Kozell that, in equity, her option in the written lease weighs heavily against the rejection of her written agreement for $15,000. The Act specifically provides that all private sales must be approved by the court. An unauthorized option gave appellant no additional equities. Nor are we concerned with the possible loss of a sale following the court's rejection of the proposed *private*

*sale.* The court possesses full discretion over the approval or disapproval of any proposed private sale. In this connection the court may consider the adequacy of an increased offer and require a sufficiently guaranteed assurance, if approval is denied, that any such substantially increased offer will be made to the *board* when the premises are again offered by it either at private sale, public sale, or upon sealed bids.

The order is reversed and the record remitted to make an appropriate order in conformity with this opinion. Each party to pay his own costs.