## Pelechacz Estate.

178

Argued March 7, 1955. Before RHODES, P. J., HIRT, ROSS, WRIGHT, WOODSIDE, and ERVIN, JJ. (GUNTHER, J., absent).

*Martin D. Cohn,* with him *Martin J. O'Donnell,* and *Laputka, Bayless, Ecker & Cohn,* for appellants.

*Roy B. Pope,* with him *P. G. Evansha* and *Johnston & Pope,* for appellees.

OPINION BY ERVIN, J., July 21, 1955:

This is an appeal from an order of the Court of Common Pleas of Luzerne County, sitting in banc, allowing petitioners Helen Klimkosky and Mary Chrastina, sisters of Michael Pelechacz, an incompetent person, to intervene in proceedings to revoke a decree approving the private sale of the interest of Michael Pelechacz in certain real estate and discharging a rule to show cause why the decree approving the private sale should not be revoked.

Andrew Pelechacz, father of the incompetent and petitioners, died testate on March 29, 1948. By the terms of his will which was duly admitted to probate the testator devised to Michael Pelechacz and Rosalie Pelechacz, his son and daughter, premises located at 196-198 South Pine Street, Hazleton, Pennsylvania, which was his residence and place of business. This devise was made on condition that Michael and Rosalie provide a home for Helen Pelechacz Klimkosky, another child of testator. The will further provided that "In the event that Michael and Rosalie at any time in the future intend to sell the property known as 196-198 South Pine Street they may do so by mutual agree-

ment and are released from any obligation to provide for the said Helen Pelechacz except for the payment upon sale of said property to the said Helen Pelechacz of One Hundred ($100.00) Dollars which shall release them from any and all obligations under this Will to the said Helen Pelechacz." On January 9, 1953, upon petition of the Traders Bank and Trust Company of Hazleton, the incompetent's guardian, a decree was entered authorizing the private sale of the incompetent's interest in the real estate devised to him and his sister by his father. The petition averred that the real estate owned by the incompetent was not suitable for the production of income adequate to pay minimum expenses of insurance and taxes and that no repairs had been made to the premises since the appointment of a guardian. Further, it was averred that the prospective purchaser had offered the sum of $2,250.00 less any amounts due and owing for incompetent's share of the taxes at the time of sale. A similar offer was made to the other joint owner, Rosalie Pelechacz Mantone, for her one-half undivided interest in the premises, to which she gave her acceptance. On January 26, 1953, upon petition of Helen Klimkosky, a rule was granted on the Traders Bank and Trust Company of Hazleton, guardian of the estate of the incompetent, to show cause why the decree entered January 9, 1953 should not be revoked and petitioner permitted to purchase the interest of the incompetent at a higher price. The petitioner averred that the sale of the interest of the incompetent was disadvantageous to him as the price of $2,250.00 was inadequate, and that the petitioner was willing to pay the sum of $2,750.00 for the share of Michael Pelechacz, the incompetent. Subsequently, upon the petition of Mary Chrastina, a rule was granted upon the incompetent's guardian to show cause why the petitioner should not be permitted to

intervene as a party in interest in these proceedings and to join her sister, Helen Klimkosky, in the latter's petition to revoke the decree authorizing the private sale of the incompetent's interest in the real estate devised to him and his sister Rosalie. By stipulation of the parties a rule to show cause why Pasco Montone, the purchaser of the property, should not be made a party to these proceedings, was made absolute. On October 31, 1953 the court below held that the petitioners were allowed to intervene in view of the lack of notice to them of the petition of the guardian for leave to sell the interest of the incompetent in the real estate and on the basis of statutory authority. However, the rule to show cause why the decree approving the private sale of the interest of the incompetent should not be revoked was discharged, the court concluding that because of the restriction in the devise requiring the mutual agreement of the devisees the court was powerless to compel the sale to any person not agreeable to Rosalie Pelechacz Mantone. This appeal followed.

The guardian's petition for private sale of the incompetent's interest in the real estate was brought under the provision of §443 of the Incompetents' Estates Act of 1951, June 28, 1951, P. L. 612, 50 PS §1823, which reads, in part, as follows: "Whenever the court finds it to be for the best interests of the incompetent, a guardian may, for any purpose of administration or distribution, and on the terms, with the security and after the notice directed by the court: (1) Sell at public or private sale, pledge, mortgage, lease, or exchange any real or personal property of the incompetent, . . . ."

It is readily apparent that the determination of the kind of notice to be given and the recipients thereof are matters within the discretion of the court.

Although no notice was directed to be given by the court in the instant case, sub-paragraph 9(f) of the petition filed by the guardian of the incompetent stated that Exhibit G attached thereto contained a "Joinder by or evidence of notice to all parties interested in this petition." And the learned judge of the court below who authorized the private sale indicated in his decree that it was based, inter alia, "upon consideration of the foregoing petition, *the joinder and consent of interested parties . . . .*" (Emphasis added) It thus appears that Exhibit G was considered as evidence that *all* interested parties had either received notice or were joined in the petition. However, no notice was given to either the appellants or to a brother and another sister of the incompetent, nor is there any evidence of their joinder in any way as parties interested in the petition. We concur with the observation contained in the decision of Judge PINOLA for the court in banc: "Had Judge APONICK, who entered the decree, known that there were other sisters and a brother, besides Rosalie Mantone, the cotenant, we believe that he would have required notice of some sort before entering the decree." Furthermore, in the brief of appellees it is stated that the purchaser at the private sale, Pasco Montone, is a nephew by marriage of Rosalie Pelechacz Mantone. Considering all the circumstances in this case we are all agreed that notice should have been given to the brother and sisters of the incompetent.

Pursuant to our order hereinafter made further proceedings will be held in connection with the petition for a rule to show cause why the decree entered on January 9, 1953 approving the private sale of the interest of the incompetent in premises situate at 196-198 South Pine Street, Hazleton, Pennsylvania, should not be revoked. We therefore deem it advisable to

state that under the circumstances here had there been a complete disclosure in the petition for leave to sell the interest of the incompetent at private sale and notice given to all parties who might be interested therein the decree of the court approving the private sale could not have been set aside, nor could there have been a refusal to enforce the sale by specific performance or otherwise because of a subsequent offer at a higher price except upon a showing of fraud, accident or mistake. Act of May 24, 1945, P. L. 944, §1.[1] See *Brereton Estate*, 355 Pa. 45, 48 A. 2d 868.

In the instant case we find there was a lack of proper notice to interested parties at the time of filing of the guardian's petition for leave to sell the incompetent's interest in the real estate, and subsequent to the decree approving the private sale, an offer was made to purchase the interest of the incompetent for $2,750.00, which is $500.00 in excess of the amount approved by the court. If proper notice had been given there might have been other offers submitted by interested parties which the court would have been required to consider. When a statute requires a court to direct or approve a sale of real estate of an incompetent (see Incompetents' Estates Act of 1951, supra), the duty of making or approving the sale is placed upon the court and it is required to receive and consider all bids. See *McKees Rocks Borough School District Petition*, 360 Pa. 285, 62 A. 2d 20. Furthermore, in considering a petition for the approval of the pri-

---

[1] The Act provides, inter alia, as follows: ". . . when the court shall hereafter approve a contract of a fiduciary requiring approval of court, neither inadequacy of consideration, nor the receipt of an offer to deal on other terms shall, . . . relieve the fiduciary of the obligation to perform his contract or shall constitute ground for any court to set aside the contract, or to refuse to enforce it by specific performance or otherwise: . . ."

184

vate sale of an incompetent's interest in real estate the paramount duty of the court is to determine *whether the proposed sale is for the best interests of the incompetent,* and either approve or dismiss the petition accordingly.

The order of the court below allowing Helen Klimkosky and Mary Chrastina to intervene is affirmed; the order of the court below discharging the rule to show cause why the decree entered January 9, 1953 approving the private sale of the interest of Michael Pelechacz in premises known as 196-198 South Pine Street, Hazleton, Pennsylvania, for the sum of $2,-250.00 to Pasco Montone should not be revoked is reversed, and the record is remanded for further proceedings on the rule referred to immediately hereinbefore.