## Springfield Township School District Petition

*M. L. McBride, Jr.*, for petitioner.

*Joseph J. Nelson*, for trustees of Blacktown Community Center.

*John Q. Stranahan*, for private purchaser.

McKay, J., January 2, 1957.—There is before the court for disposition a petition of the School Directors of the School District of the Township of Springfield, Mercer County, for the approval of a proposed sale of a school property known as the Blacktown school building at private sale. The petition is presented pursuant to the provisions of the Public School Code of March 10, 1949, P. L. 30, sec. 707, and April 21, 1949, P. L. 677, sec. 1, 24 PS §7-707. The proposed purchasers are W. L. Snyder and Margaret Dunkerley, as trustees for the Blacktown Community Center. The proposed purchase price is $500.

At the hearing held, December 31, 1956, following the publication of notice as required by the code, there appeared in opposition to the petition one Martin Kristyak of the Borough of Mercer, through his counsel, who offered to buy the property for $575. The

school district, the trustees for the community center and Martin Kristyak were all represented by counsel. The principal facts were stipulated of record and in addition witnesses were called in support of the petition.

The property in question consists of a one-room brick schoolhouse and the surrounding land.

Blacktown is not an incorporated borough but is a village in Springfield Township which consists of a number of houses, a general store and a church. For many years the schoolhouse has been used to some extent for community recreation purposes. The yard has been used for playing baseball and as a playground, it having been equipped with swings and other like equipment. Scout troops have met in the school building. The Trustees for the Blacktown Community Center have taken steps to incorporate and, if the sale is approved, intend to use the school property for recreational and social purposes for the benefit of the residents, particularly the youth, of the Blacktown Community.

Martin Kristyak, who appears in opposition to the sale, desires the property for a residence for his son and family. The son is now in military service, but expects to be discharged shortly.

The responsibility of the court in a situation like the present is solely to determine whether the proposed sale of the property to the trustees of the community center for $500 should be approved in view of the fact that the school district could renegotiate a sale to another purchaser for $575. In exercising this responsibility, the court possesses full discretion over the approval of the proposed sale: McKees Rocks Borough School District Petition, 360 Pa. 285 (1948).

It is true that if the sale were disapproved and a sale were renegotiated to Kristyak, a higher price would be obtained.

However, the fact that the school district could sell the property to another purchaser for a higher price is not in itself a controlling factor in the court's exercise of its discretion: Imperial Cardiff Coal Company Appeal, 156 Pa. Superior Ct., 301 (1944).

In our opinion, the proposed sale to the trustees of the community center has advantages of a public nature which far outweigh the slight financial gain which would result from a sale of the property to Kristyak. Blacktown is five miles distant from the nearest town which affords community recreational facilities. We take judicial notice of the commonly known fact that community recreation is one of the deterrents to juvenile delinquency. The schoolyard was formerly used for athletic and recreational purposes. This program would be revived by the trustees for the community center and, in addition, the building itself would be used for meetings of a social and recreational nature. That the proposed use of the property is for the good of the community and to the public advantage is clearly apparent.

Accordingly, it is our opinion that the school directors have properly exercised their discretion in negotiating the sale of the property to the trustees and that the sale should be approved.

### Order

Now, January 2, 1957, it is ordered that the proposed sale by the School Directors of the School District of the Township of Springfield, Mercer County, to W. L. Snyder and Margaret Dunkerley, as Trustees of the Blacktown Community Center, of the property known as the Blacktown School, as described in the second paragraph of the petition filed November 26, 1956, is approved.