## Colton Estate

*Smith, Cahill & Aker* and *Grubb, Guest & Littleton*, for accountants.

TAXIS, P. J., February 25, 1957.—The reason or purpose of the filing of the account now before the court is the death of Bayard Hand, one of the trustees. He died on February 15, 1956, leaving a last will and testament on which letters testamentary have been granted to Margaret C. Hand, executrix therein named. . .

At page 32 of the account, the corporate trustee has taken as a credit the sum of $7,500, "on account of Trustees' commissions."

It is conceded that the trust does not terminate, and that the charge is an interim principal commission.

The credit for interim commissions raises directly the question whether the Act of May 1, 1953, P. L. 190, may be applied retroactively with respect to the services of a trustee rendered in a trust created prior to the effective date of the act.

A statute is unconstitutional and hence invalid in its retroactive application if such application destroys a substantial property right: Crawford Estate, 362 Pa. 458; Cf. Willcox v. Penn Mutual Life Insurance Co., 357 Pa. 581; Williamson Estate, 368 Pa. 343.

Substantial property rights will not be destroyed by retroactive application of the Act of 1953. The payment of compensation is essentially procedural pertaining to trust administration and can have no adverse effect upon remaindermen. The estate ultimately passing to remaindermen must bear the charge for the trustee's compensation and they have no cause to complain if part of such compensation is prepaid before the trust terminates. The only possible injury is visited upon life tenants who lose the future income which the amount of the interim principal compensation would produce. Does such loss to the life tenant bar a retroactive application of the Act of 1953? I think not. Such loss is minor and is but incident to a change in a rule of trust administration.

Moreover, the views herein expressed have been adopted in other very recent cases: Mifflin Trust, 4 Fiduc. Rep. 275; Colladay Estate, (unreported opinion of Saylor, J., Phila. O. C., April 22, 1954). See Stotesbury Trust, 85 D. & C. 551.

Statutes which affect administration of trusts rather than destroying property rights have been retroactively applied to preëxisting trusts despite the fact that in the process property rights are affected incidentally: Cf. Jewell's Estate, 235 Pa. 119; Jeffery's Estate, 333 Pa. 15; Demorest v. City Bank Co., 321 U. S. 36, 43; Van Voorhis Estate, 355 Pa. 82.

The credit for interim principal commission is approved. . .

And now, February 25, 1957, this adjudication is confirmed nisi.