## Bailey Estate

Before Klein, P. J., Bolger, Lefever, Saylor, Shoyer and Burke, JJ.

*Meltzer & Schiffrin* by *Richard R. Block,* for petitioners.

*Fischer & Fischer,* for executor, respondent.

*Abrahams & Loewenstein* by *Manfred Landau* and *Joseph Atlas,* for respondents.

BOLGER, J., April 30, 1965.—Two unsuccessful joint bidders for real estate have filed a petition to set aside an agreement of sale signed by the executor in which agreement Irwin Katz is the proposed purchaser. The petition alleges fraud and a higher offer of 10 percent. Respondents are the executor, the broker, Irwin Katz and his wife.

The executor has filed an answer in which he joins in the prayer of the petition and requests that the sale be restrained. The prospective purchaser under the existing agreement has filed preliminary objections in which his wife joins and avers that there is no jurisdiction because petitioners are not parties in interest; that there are no facts pleaded in support of the allegations of fraud and breach of fiduciary duty, and that petitioners have not alleged any loss to them. The broker, Jay Gross, has filed preliminary objections alleging that the petition fails to set forth the interest of petitioners and that it does not comply with section 2080.704 of the Orphans' Court Act of 1951 as amended.

Petitioners, Sydney Jolles and Martin Jolles, are partners in an antique business adjoining the premises in question which they desire to acquire in order to expand their business. They aver, inter alia, that Irwin Katz is the husband of Violet Katz, both respondents; that Irwin Katz is engaged in the antique business near the premises, an ostensible business rival of petitioners; that Violet Katz is the secretary of Jay Gross, the real estate broker, agent of the executor, who negotiated the sale. Petitioners aver that they twice inquired of the executor the possibility of their purchasing the property apparently prior to the executor's listing it for sale. It is also averred that Samuel Hall, the executor, listed the property with Gross for sale on February 15, 1965; that petitioners immediately notified Gross that they would bid $25,000 for

the property and sent him a check for $2,500 as a deposit; that Gross sold the property for $25,000 to Katz under an agreement of sale signed February 16, 1965. It is averred that prior to the sale, Gross informed petitioners that if Katz offered $25,000, it would be sold to him. Paragraph 16 of the petition avers, "Gross did not advise Hall that he had received Jolles' offer of $25,000, nor did he advise Hall that Mrs. Katz, the purchaser's wife, was employed as a secretary in his office." Paragraph 17(a) avers that the property has a value to petitioners of more than $25,000 "and this fact was known to Gross." Paragraph 18 avers that Hall did not know of the two offers and that had he known of the Jolles' offer, he would not have signed the agreement; whereupon Jolles offered Hall $27,500 for the property and tendered a check for $2,750 deposit. Petitioners charge the executor with breach of fiduciary duty by entering into the agreement with undue haste and without full investigation of the petitioners' interest in the property; also that Gross violated his duty by preferring Katz and suppressing from Hall full information of petitioners' offer.

On preliminary objections, the court must accept as true all factual averments: Hunter's Pennsylvania Orphans' Court Commonplace Book, vol. IV, p. 380, §11(d).

The objection of lack of standing of petitioners to contest the sale because they are not parties in interest must be dismissed: Orr's Estate, 283 Pa. 476; Reichert's Estate, 56 D. & C. 1, affirmed 356 Pa. 269 (1947). The facts in the Reichert case are almost identical with those in the instant case; the property involved was a store for the acquisition of which the successful and the unsuccessful bidders were competing, they being engaged in rival businesses. There it was held that a disappointed bidder had standing because the court is charged with the duty

of supervising the management and disposition of the property by its appointed fiduciaries, including the disposition of the title to real estate; that where fraud has been perpetrated by or upon trustees appointed by or under the control of the court, the petition of any informant or claimant armed with the necessary proof be received even if the petitioner has no interest in the trust estate. In Heilig Bros. Company, Inc. v. Kohler, 366 Pa. 72 (1950), an unsuccessful bidder was held to have standing to restrain the sale of real property. As pointed out in petitioners' brief, this point is largely moot because the executor has joined in the prayer of the petition to revoke the sale. The sequel to Reichert Estate, supra, was that the rival bidders later participated in an auction which yielded to the estate several times the original sale price.

Since we do not have the advantage of knowing the terms of the agreement of sale, we are uninformed as to whether the executor reserved in the contract the requirement that it was subject to the approval of this court.

It is clear that mere inadequacy of price alone will not sustain petitions to rescind sales when the will empowers the executor to sell: Act of May 24, 1945, P. L. 944, secs. 1 and 2, 20 PS §818, 819; Van Voorhis Estate, 355 Pa. 82. However, this act expressly excepts incidents of fraud, accident or mistake.

We have hereinbefore recited most of the factual averments of the petition. Without repeating them, it is our opinion that if petitioners were required to be more specific, they would have had to plead evidence. Without further discussion, we are satisfied that the factual averments are sufficient.

The basic duty of the executor was to get the best price—in fact, the will so requires. In order to do so, he must expend every reasonable effort. If the averments of the petition are correct, Hall failed to do so.

He owed his duty to the estate to initiate further inquiry as to the interest of petitioners before he signed the agreement. However, from the facts alleged, it would appear that he was trapped by his agent, Gross, who obviously had more interest in favoring his secretary and her husband, the purchaser, than in obtaining the best price for the estate. It would appear that the executor as well as his broker were unduly precipitate in disposing of this property by negotiating and selling it the day after it was listed for sale, in the light of the other averred facts.

The first duty of the executor and of his agent was to the estate: Comerford Estate, 388 Pa. 278. In Noonan Estate, 163 Pa. Superior Ct. 70, 77, it is stated: "If . . . it is shown that the trustee in making the sale was improperly influenced by his relationship to the purchaser, or even his friendship for the purchaser, so that he sold the property for less than he could have obtained from others . . . he commits a breach of trust." For us to decide the truth of this averment, the respondents should answer it. Respondent real estate broker was serving in a fiduciary capacity and is, therefore, directly responsible to this court: Webb Estate, 391 Pa. 584. There is no semblance of doubt that if the averments in the petition are correct, the petitioners have made out a clear case of fraud and of breach of duty.

The final argument that petitioners have not averred any loss to themselves demonstrates the clear lack of comprehension and complete blindness of the broker and respondents to their own sense of the duty and responsibility of the executor and the broker. It is not loss to petitioners with which we are concerned, it is loss to the estate that is manifestly demonstrated in the petition. This is our only concern.

Not only is there no copy of the agreement of sale annexed to the record, but there is no copy of dece-

dent's will supplied, nor are the beneficiaries under the will made parties to this petition. It is averred that among the beneficiaries are two minor children. If this case is not terminated by reason of this opinion and if an answer is filed to the petition, it is ordered and directed that the beneficiaries having an equitable interest under the will be joined as parties to this proceeding. This will include guardians to represent the two minor beneficiaries: Reichert's Estate, 52 D. & C. 254.

The preliminary objections are dismissed with leave to answer within 20 days.