## Whitemarsh Township School District Petition.

Argued November 19, 1965. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Daniel B. Michie, Jr.,* with him *Fell & Spalding,* for appellant.

*Gilbert P. High,* with him *High, Swartz, Roberts & Seidel,* for appellee.

OPINION BY MR. JUSTICE COHEN, January 4, 1966:

Here, the school district petitioned the lower court for approval of a private sale of unused and unnecessary land as provided for in §707(3) of the Public School Code, Act of March 10, 1949, P. L. 30, §707, as amended, 24 P.S. §7-707.

At the hearing held pursuant to the petition a third party offered approximately 5% higher than the proposed sale price without stating the terms and conditions of the offer. The lower court disapproved of the private sale to the appellant because it considered that the interests of the school district could be best served by receiving the highest possible price for the property.

Appellant urges us to reverse the action of the lower court asserting that the amount of the increase was not sufficient to justify the conclusion that the original sale price was inadequate and that the school board abused its discretion by entering into a proposed agreement of sale at such a price. Appellant further urges that the lower court should have permitted and approved an amendment to the school district's petition and to the agreement of sale which would have increased the proposed sale price to the amount of the subsequent offer.

The pertinent part of §707(3) of the Public School Code reads as follows: "The board of school directors

of any district is hereby vested with the necessary power and authority to sell unused and unnecessary lands and buildings, by any of the following methods and subject to the following provisions: . . . (3) At private sale, subject to the approval of the court of common pleas of the county in which the school district is located. Approval of the court shall be on petition of the board of school directors. . . ."

The petition of the School District for approval of the sale to the appellant contemplated an agreement of sale which contained the following clause: "At the option of the Purchaser this agreement is contingent upon the ability of the buyer to obtain sub-division approval from the necessary municipal authorities for sub-division of the tract into a building development in accordance with Residence A Zoning Requirements (12,500 square feet per building lot) and to obtain connection to the existing sanitary sewer of Springfield Township or a new sewer system to be made available by Whitemarsh Township, within the terms of this agreement. If purchaser is unable to obtain such approval within the above periods it may cancel this agreement and be repaid the deposit money."

The record does not disclose whether the additional offer made by the third party was based upon the same agreement sought by the appellant or was an unrestricted offer for 5% higher than the offer made by appellant. Nor was it the duty of the court below to determine the impact of this higher offer in order to consummate a sale with the third party. In *McKees Rocks Borough School District Petition*, 360 Pa. 285, 62 A. 2d 20 (1948), we held: ". . . Before the school board may consummate a *private* sale of such real estate, approval of the court must first be obtained. But the Act does not impose the duty on the *court* to make the sale. That duty rests with the *board*. The sole

function of the court is to approve or disapprove the proposed private sale."

Hence, under the circumstances we cannot find the lower court in error, when confronted with an involved real estate transaction, in denying the petition for approval and returning the matter to the school board where the competing factors of the market place would have a greater play and the exact nature of the various engagements could be more easily determined.

Order affirmed.

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I dissent on the ground that the record reveals no appealable order and, accordingly, the appeal should be quashed.

The court below did not act on the petition but merely remanded the matter to the school district for further consideration in light of the higher offer received. Thus, the court having neither approved nor disapproved the petition, no final appealable order has as yet been entered.