## Freedom Area School District Petition

*Wayne Luce,* for petitioner.

KLEIN, J., April 29, 1974.—We have this date signed a decree approving a private sale of unused and unnecessary lands by the Freedom Area School District to Joseph C. Eakin et ux. for the price of $4,250.

This memorandum opinion is to explain our decision.

At the time set for hearing on the matter, a Mr. Frank E. Schindler appeared, stated that he was representing a Mr. Zamba and indicated that Mr. Zamba was willing to pay $5,200 for the said school property. Mr. Schindler presented no authorization in writing, empowering him to act for Mr. Zamba, who was not present. The school district officials who were present then advised the court that Mr. Zamba had twice pre-

viously offered to buy the property, once offering $3,800 and then $4,000.

Ordinarily, in such circumstances, we would have refused to approve the sale and then the school district would be obliged, subsequently, to do what it deemed best in connection with that property. We, of course, are primarily concerned with the best interests and welfare of the citizens and taxpayers of the Freedom Area School District.

The Commonwealth Court in the case of Swift v. Abington School District et al., 7 Comm. Ct. 26 (1972), states the applicable law:

"The statute gives the court power to approve or disapprove a private sale made by the board. The statute gives the court no power to negotiate for a better price, make a new sale or conduct an auction. McKees Rocks Borough School District Petition, 360 Pa. 285, 62 A. 2d 20 (1948). The court may properly approve a private sale despite a higher offer where the difference in price is small or where other circumstances regarding the sale negotiated by the school board appeal to court's sound discretion. Imperial Cardiff Coal Co. Appeal, 156 Pa. Superior Ct. 301, 40 A. 2d 163 (1944)."

In this case, Mr. Zamba was aware of the fact that the property was for sale and not only had an opportunity to make an offer to purchase, but did in fact make two such offers. He did not appear personally to make a third offer and could readily deny Mr. Schindler's authority and leave the school district adrift in the event that the Eakins would subsequently refuse to renew their offer.

Further, although an additional $950 represents an increase of about 22 percent, it is not a significantly large amount in the context of a real estate transaction. It must also be noted that a disapproval of the

proposed sale and the negotiation of a new one would cause the school district to incur additional legal expense, advertising costs, court costs and probably a one-half share of the additional transfer taxes, thereby reducing the net additional amount to be realized to considerably less than the $950.

The school district had twice previously advertised for sealed bids and once received no bids and on the other occasion received one bid offering $500 for the property.

For all these reasons, we approved the sale.