Thomas MUSEWICZ, Appellant

v.

Robert C. CORDARO, and A. J. Munchak, Majority County Commissioners of the County of Lackawanna, and The County of Lackawanna.

Commonwealth Court of Pennsylvania.

Argued June 8, 2006.
Decided Dec. 28, 2006.
Reargument Denied Feb. 15, 2007.
Publication Ordered June 7, 2007.

Christopher P. Cullen, Dunmore, for appellant.

Matthew P. Barrett, Scranton, for appellees.

BEFORE: COHN JUBELIRER, Judge, and LEAVITT, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Thomas Musewicz appeals from an order of the Court of Common Pleas of Lackawanna County (trial court) that sustained preliminary objections in the nature of a demurrer, a Motion to Strike Complaint and a Motion to Strike Demand for a Jury Trial. We affirm.

Musewicz is a resident of Lackawanna County (the County), which is a duly formed municipal corporation governed by a local charter adopted pursuant to the Home Rule Charter and Optional Plans Law, 53 Pa.C.S. §§ 2901–3171. On January 1, 1977, Lackawanna County's Home Rule Charter (County Charter) became effective and it remains in effect. The County Charter states, in pertinent part:

> The [County] Board of Commissioners shall have . . . the following powers:
>
> * * *
>
> (c) to levy taxes, assessments and service charges. The maximum millage allowable under existing procedure shall be 25 mills. Upon imposition of such a tax rate, *any millage rate which exceeds 5% of the preceding years [sic] rate of millage shall be effective only if approved by a referendum of the qualified electors of the county* [.]

335 Pa.Code § 1.3–302 (emphasis added).

On January 13, 2004, the County approved Ordinance No. 140, which established the total millage rate for the 2004 budget for the County, fixing that rate at 29.7293 mills. Subsequently, in December of 2004, the County approved Ordinance No. 156, which established the total millage rate for the 2005 budget for the County, fixing that rate at 44.1293 mills. The 2005 millage rate is 14.4 mills more than the 2004 millage rate, an increase of approximately 48.4%. The 2005 millage rate was neither submitted to nor approved by a referendum of the qualified electors of the County.

On December 22, 2004, Musewicz filed a Complaint for Declaratory Judgment against the County, alleging that Ordinance No. 156 of 2004 violated Section 302(c) of the County Charter. On January 24, 2005, the County filed a Preliminary Objection in the Nature of a Demurrer and/or Motion to Strike, arguing that the relevant portion of the County Charter upon which Musewicz relies is preempted by state statute, and that Musewicz thus failed to state a cause of action upon which relief could be granted.

The relevant state statute reads, in pertinent part:

> § 2692. Limitations on municipal powers
>
> * * *
>
> (b) Taxing power.—Unless prohibited by the Constitution of Pennsylvania, the provisions of this subpart or any other statute or its home rule charter, a municipality which has adopted a home rule charter shall have the power and authority to enact and enforce local tax ordinances upon any subject of taxation granted by statute to the class of municipality of which it would be a member but for the adoption of a home rule charter at any rate of taxation determined by the governing body. No home rule municipality shall establish or levy a rate of taxation upon nonresidents which is greater than the rate which a municipality would have been authorized to levy on nonresidents but for the adoption of a home rule charter. *The governing body shall not be subject to any*

*limitation on the rates of taxation imposed upon residents.*

53 Pa.C.S. § 2962 (emphasis added).

■■■ On December 20, 2005, the trial court entered an order sustaining the County's demurrer. Musewicz appealed to this Court.[1]

Musewicz raises two issues for our review. The primary issue is whether the relevant part of the Lackawanna County Home Rule Charter is preempted by statutes of the state legislature of Pennsylvania, and therefore unenforceable, so as to preclude the relief prayed for and thus entitle the County to the grant of a preliminary objection in the nature of a demurrer, thereby dismissing Musewicz's challenge to a taxing ordinance based on the County Charter. Musewicz also asks this Court to consider whether the trial court retains the power to act on a petition for reconsideration and to consider the issues therein more than thirty days after the issuance of the trial court's final order.

Musewicz argues that the demurrer was improperly granted for three reasons: First, that the trial court based its decision on non-binding dicta of *Luger v. Corcoran, et al.,* 85 CIV 5841 CCP. Lacka. Co. (Judge Walsh, March 18, 1986); second, that the rules of statutory construction dictate that Section 302(c) of the County Charter is not superseded by Section 2962(b) of the statutory Home Rule Law but rather is validated by Section 2962(i) of the Home Rule Law; and third, that the trial court erred in invoking the doctrines of *stare decisis,* collateral estoppel, and preemption.

The trial court, in its order granting Appellees' demurrer, gave as its reasoning, in part, that

Pennsylvania state statute, specifically the language set forth in 53 Pa.C.S.A. § 2692, General Powers and Limitations of Home Rule Charter Municipalities preempts Section 302(c) of Lackawanna County Home Rule Charter.

The trial court's decision, then, is supported by this legal reasoning and does not rest solely upon any *Luger* dicta.

The existence of this legal reasoning also demonstrates that the trial court did not rely solely upon the doctrine of *stare decisis.* The trial court did not base its decision upon *Luger* alone. The materials that appellee appended to his argument, which were stricken in response to Musewicz's motion because they were not part of the certified record, were in support of Appellees' claim that Musewicz was collaterally estopped from bringing his claim. Although this Court cannot consider those materials, Musewicz's argument that the trial court improperly applied the doctrine of collateral estoppel cannot uphold his appeal, because, again, the trial court did not rely solely upon that doctrine.

■■■ Although the trial court uses the word "preempts" in its order, the doctrine of field preemption is not applicable to this case. Rather, "preempts" may be understood as a synonym for "supersedes." Musewicz's argument against the application of the doctrine of preemption to this

1. Where a case is dismissed at the preliminary objections stage on issues of law, the appellate scope of review is plenary. *Yaracs v. Summit Academy,* 845 A.2d 203, 207 n. 5 (Pa.Cmwlth.2004). This Court's standard of review of an order of the trial court sustaining a preliminary objection in the nature of a demurrer is limited to determining whether the trial court abused its discretion or committed an error of law. In ruling on preliminary objections, the court must accept as true all well pled allegations of material fact. *Mercurio v. Allegheny County Redevelopment Authority,* 839 A.2d 1196, 1201 n. 5 (Pa. Cmwlth.2003).

case is misplaced. "Preemption," as Musewicz uses the term, applies to situations where a higher authority (in this case, the State) regulates an area so comprehensively and pervasively as to preclude the coexistence of regulation by a lower authority (in this case, the County). *See e.g., Duff v. Northampton Township,* 110 Pa.Cmwlth. 277, 532 A.2d 500 (Pa.Cmwlth.1987). The issue in this case is not whether state law is intended, implicitly or explicitly, to be exclusive in this field. The issue is whether a specific state law "preempts" (by which is meant, "supersedes") the portion of the County Charter in question.

■ It is clear that a state statute does supersede and render null any conflicting county charter provision. The Pennsylvania Constitution states, "A municipality which has a Home Rule Charter may exercise any power or perform any function *not denied ... by the General Assembly* at any time." Pa. Const. art. 9, § 2 (emphasis added); *Norristown Fraternal Order of Police, Lodge 31 v. DeAngelis,* 148 Pa.Cmwlth. 285, 611 A.2d 322, 326 (1992).

Section 2962(b) of the Home Rule Law provides, in pertinent part, "The governing body shall not be subject to any limitation on the rates of taxation imposed upon residents." Section 2902 of the Home Rule Law defines "governing body" as, *inter alia,* a "board of county commissioners." 53 Pa.C.S. § 2902. Section 302(c) of the County Charter subjects the Lackawanna County Board of Commissioners (the relevant "governing body") to limitations on the rate of taxation it may impose upon residents. This portion of the County charter is thus in clear conflict with, and in violation of, Section 2962(b) of the Home Rule Law.

Musewicz suggests that Section 2962(b) must be read in conjunction with Section 2962(i) of the Home Rule Law, which reads

(i) Establishment of rates of taxation.— No provision of this subpart or any other statute shall limit a municipality which adopts a home rule charter from establishing its own rates of taxation upon all authorized subjects of taxation except those specified in subsection (a)(7). [Subsection (a)(7) deals with non-property or personal taxes levied upon nonresidents.]

53 Pa.C.S. § 2962.

Musewicz suggests there is a potential internal conflict in the statute known as the Home Rule Law between Section 2962(i), which proscribes limitations on home rule municipalities (by any other provision of Section 2962 "or any other statute"), and the last sentence of Section 2962(b), which proscribes limitations on the governing bodies of home rule municipalities. The trial court, in its Memorandum of February 1, 2006, relied upon Section 2692(b) in granting the County's preliminary objection. Section 2962(i) was not mentioned.

Musewicz here posits a false dichotomy between the "home rule municipality" of Section 2962(i) and the "governing body" of Section 2962(b). A home rule municipality acts, *inter alia,* through its governing body. The acts of the governing body are the acts of the municipality. Sections 2962(b) and 2962(i), read together, allot to home rule municipalities the freedom to set their own rates of taxation applicable to their residents. The freedom of governing bodies from limitations on the rate of taxation they may set, granted in Section 2962(b), is a specific expression of, and not a limitation upon, the freedom of municipalities to set taxation rates granted by Section 2962(i). Section 2962(i) does not contradict or negate Section 2962(b). The

sections, read harmoniously, affirm each other.

■ A demurrer is to be sustained when, on the facts averred, the law says with certainty that no recovery is possible. *Jacobs v. Merrymead Farm, Inc.*, 799 A.2d 980 (Pa.Cmwlth.2002). Musewicz asserts that the County and majority commissioners have violated Section 302(c) of the County Charter. This section of the County Charter, however, is in clear violation of Section 2692(b) of the Home Rule Law and is thus a nullity. There is, therefore, an insufficiency of fact and law in Musewicz's Complaint such that County's petition for demurrer is appropriate.

For the above stated reasons, the order of the court of common pleas is affirmed.[2]

### ORDER

AND NOW, this 28th day of December, 2006, the order of the Court of Common Pleas of Lackawanna County in the above captioned matter is affirmed.

---

[2] In view of our holding, it is not necessary to discuss Appellant's argument regarding the trial court's denying his Petition for Reconsideration.