IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Montessori Regional Charter School, :
                 Appellant      :
                                  :
           v.                : No. 248 C.D. 2016
                                  : Submitted: August 12, 2016
Millcreek Township School District   :

BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
                 HONORABLE JULIA K. HEARTHWAY, Judge
                 HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI          FILED: September 7, 2016

         Montessori Regional Charter School (Montessori) appeals from an order of the Court of Common Pleas of Erie County (trial court) sustaining the preliminary objections filed by Millcreek Township School District (School District) to Montessori's declaratory judgment action seeking to overturn a deed restriction because it is not ripe for review. For the reasons that follow, we vacate and remand.

**I.**

**A.**

         Since 1950, the School District has owned the Ridgefield Property (Ridgefield Property) located at 3327 Highland Road, Erie, Pennsylvania, within the R-1 single-family residential zoning district. The Ridgefield Property consists of approximately 7.9 acres and is subdivided into three separate lots. Lot 1

encompasses about 5.9 acres containing the Ridgefield Elementary School building, a playground, a parking lot and open space. The other two lots are adjacent to Lot 1 and total approximately two acres of green space.[1] In July 2014, after Ridgefield Elementary School closed, the School District listed the Ridgefield Property for sale.

In August 2014, Montessori made an offer to purchase the Ridgefield Property, which the School District rejected.[2] In December 2014, VNet Holdings, LLC (VNet) submitted an offer to purchase a portion of the Ridgefield Property.[3] In January 2015, Montessori submitted a second offer to purchase the entire Ridgefield Property, which the School District again rejected.

On April 13, 2015, the School District recorded a deed restriction on the Ridgefield Property, which provides:

---

[1] In May 2015, Millcreek Township approved the subdivision of the Ridgefield Property. Montessori intervened in the appeal of the subdivision approval, which was denied by the trial court on November 5, 2015. Montessori appealed the trial court's order denying its land use appeal to this Court, and that appeal is presently before us.

[2] Montessori's offer was for $1.1 million for the entire property. Moreover, in July 2014, BNS Properties, LLC (BNS) made an offer to buy the Ridgefield Property for $950,000, contingent upon the Ridgefield Property being rezoned to C-1 Local Commercial District. The School District later accepted the BNS offer; however, the Millcreek Township Planning Commission recommended not rezoning the Ridgefield Property because the rezoning would be "spot rezoning," which is illegal in Pennsylvania. In October 2014, the School District accepted a revised offer from BNS, in which BNS agreed to purchase four acres of the Ridgefield Property for $1 million and the remaining acres would be retained by the School District. However, in November 2014, BNS terminated its agreement to purchase the Ridgefield Property.

[3] VNet's offer was for $1.1 million for just the 5.9 acres on which the vacant elementary school was located, contingent on rezoning the property to C-1 Local Commercial District and final subdivision approval. It apparently had no objection to the deed restriction.

UNDER AND SUBJECT to the following restrictive covenants that shall be deemed to be covenants running with the land that (1) Grantee and Grantee's successors, assigns and tenants **shall not use all or any part of the above-described property to run, operate, manage or conduct a "charter school"** as that term is defined in the Public School Code, P.L. 30, No. 14,[4] as amended, and that (2) **no part of above-described property [shall] be sold, conveyed or otherwise transferred to, or leased, rented or occupied by a "charter school"** as that term is defined in the Public School Code, P.L. 30, No. 14, as amended, and that the forgoing restrictive covenants shall be included in any subsequent deed conveying all or part of the above-described property.

(Reproduced Record (R.R.) at 15a) (emphasis added).

In July 2015, the School District accepted the offer from VNet and filed a petition with the trial court to approve the sale.

**B.**

In August 2015, Montessori filed a complaint for declaratory judgment alleging, *inter alia*, that before it submitted its second offer to purchase the Ridgefield Property, the School District "passed a resolution which stated that [the School District] will never sell the Ridgefield Property to [Montessori] and which further asked [Montessori] to stop trying to buy the Ridgefield Property." (R.R. at 7a.) Montessori requested that the trial court determine: 1) whether the School District is entitled to encumber the Ridgefield Property with the deed restriction, and 2) whether

---

[4] The Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§1-101 – 27-2702.

the School District can resolve to sell the Ridgefield Property to a limited group of potential purchasers. Montessori also requested that the trial court declare the proposed sale to VNet as not ripe for judicial approval and sought a temporary injunction seeking to enjoin the School District from selling or further encumbering the Ridgefield Property. In September 2015, the trial court approved the private sale of Lot 1 of the Ridgefield Property to VNet for $1.1 million and Montessori appealed that determination to this Court. In *In re Millcreek Township School District*, ___ A.3d ___, (No. 1922 C.D. 2015, filed July 20, 2016), we reversed the trial court's approval of the sale to VNet.

The School District then filed preliminary objections, alleging that Montessori's complaint in declaratory judgment is not ripe for review because the "only circumstances under which the deed restriction becomes relevant are if Montessori … owns the Ridgefield Property, an owner of the property is seeking to sell the property to Montessori … or if an owner of the property seeks to operate a charter school … in violation of the deed restriction." (R.R. at 186a.) However, Montessori does not own the Ridgefield Property nor does it have an immediate or impending interest in it, and VNet is not seeking to operate a charter school on the Ridgefield Property. The School District also alleges that Montessori's seeking of a temporary injunction is moot because the trial court already approved the sale.

After hearing oral argument on the preliminary objections, the trial court sustained the preliminary objections, with prejudice, finding that Montessori's declaratory judgment action is not ripe for review and there is no actual controversy requiring the trial court's determination. It reasoned that VNet is not proposing to

4

use the Ridgefield Property as a charter school or attempting to convey it to Montessori or any other purchaser to use as a charter school. This appeal followed.[5]

## II.

In its appeal, Montessori argues that the deed restriction presents a controversy that is ripe for review under the Declaratory Judgments Act.[6] Specifically, Montessori argues that the deed restriction causes it present harm because it prevents a third party from purchasing the Ridgefield Property and then selling it to Montessori without fear of litigation from the School District.

The School District, in response, contends that when dealing with deed restrictions, our courts require actual or imminent conduct that implicates such restrictions before entertaining requests for declaratory relief. As in its preliminary objections, the School District again argues that the deed restriction is only relevant where: "1) Montessori, or some other charter school, owned the Ridgefield Property; 2) the property's owner seeks to sell the property to Montessori or some other charter school; or 3) there are imminent plans to operate a charter school on the property. None of these circumstances currently exist." (School District's Brief at 10.)

---

[5] Our standard of review of an order of the trial court sustaining preliminary objections in the nature of a demurrer is limited to determining whether the trial court abused its discretion or committed an error of law. In ruling on preliminary objections, the court must accept as true all well pled allegations of material fact. *Musewicz v. Cordaro*, 925 A.2d 172, 174 n.1 (Pa. Cmwlth. 2006).

[6] 42 Pa.C.S. §§7531-7541.

The Declaratory Judgments Act was "designed to curb the courts' tendency to limit the availability of judicial relief to only cases where an actual wrong has been done or is imminent."[7] *Bayada Nurses, Inc. v. Department of Labor and Industry*, 8 A.3d 866, 874 (Pa. 2010). Under the Declaratory Judgments Act, "[c]ourts of record, within their respective jurisdictions, shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." 42 Pa.C.S. §7532. Declaratory judgment is proper only where there is an actual controversy, and "[a]n actual controversy exists when litigation is both imminent and inevitable and the declaration sought will practically help to end the controversy between the parties." *McCord v. Pennsylvanians for Union Reform*, 136 A.3d 1055, 1061 (Pa. Cmwlth. 2016) (citation omitted). In determining whether a matter is ripe for review, "courts generally consider whether the issues are adequately developed and the hardships that the parties will suffer if review is delayed." *Bayada Nurses*, 8 A.3d at 874 (citation omitted).

In Montessori's appeal of the trial court's approval of the private sale to VNet, finding that Montessori's offer for the Ridgefield Property was more advantageous for the School District than that of VNet, we reversed and remanded the matter for the trial court to order a public sale of Ridgefield Property pursuant to Section 707(1) or (2) of the Public School Code, 24 P.S. §7-707(1), (2). *In re Millcreek Township School District*, ___ A.3d ___, (No. 1922 C.D. 2015, filed July 20, 2016). We reasoned that:

---

[7] Section 7541 of the Declaratory Judgments Act states that its purpose "is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and is to be liberally construed and administered." 42 Pa.C.S. §7541.

> Given Montessori's longstanding interest in purchasing the Ridgefield [P]roperty and its offer in an amount substantially higher than that offered by VNet, there is no support for the trial court's finding that the private sale would realize a higher price than would be obtained at a public sale. Consistent with Section 707 of the Public School Code and *Whitemarsh*,[8] Montessori's substantially higher offer should have stopped the proceedings. The trial court should have, at a minimum, disapproved the sale to VNet and ordered more negotiations between Montessori and the School District. The better course of action, in light of the School District's repeated refusal to negotiate with Montessori, would have been for the trial court to order a public sale of either the entire Ridgefield [P]roperty or Lot 1 since a public sale is the preferred way to do a sale of unused school property under Section 707 of the Public School Code.

*In re Millcreek*, slip op. at 13-14 (footnote added).

In light of our recent decision in *In re Millcreek* to reverse the trial court's approval of the private sale of the Ridgefield Property to VNet and remand to the trial court to order a public sale of the Ridgefield Property, the deed restriction does pose an actual and imminent controversy because of Montessori's continuing interest in the property. If Montessori or any other charter school were to purchase the property, given the deed restriction, litigation would be inevitable. Only if the School District decides not to sell any portion of the property would the matter become moot.

---

[8] *Petition of Whitemarsh Township School District*, 215 A.2d 644 (Pa. 1966).

7

Accordingly, based on the foregoing, we vacate the trial court's determination that Montessori's request for declaratory relief is not ripe for review and remand this matter to the trial court to consider the request now that the Ridgefield Property is to be auctioned at public sale.

_____
DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Montessori Regional Charter School, :
              Appellant      :
                                 :
          v.              : No. 248 C.D. 2016
                                 :
Millcreek Township School District  :

# **O R D E R**

AND NOW, this 7th day of September, 2016, the order of the Court of Common Pleas of Erie County dated January 22, 2016, at No. 2015-12342, is hereby vacated. This matter is remanded to the trial court to determine whether declaratory relief is appropriate.

_____
DAN PELLEGRINI, Senior Judge